## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELIPE VICINI LLUBERES
   and
JUAN VICINI LLUBERES
c/o Block & Roos, LLP
60 State Street, Suite 3800
Boston, MA  02109

             Plaintiffs,

     v.

UNCOMMON PRODUCTIONS, LLC
   and
WILLIAM M. HANEY, III,
c/o Levine Sullivan Koch & Schultz, LLP
1050 17th Street, N.W.
Suite 800
Washington, DC 20036

          Defendants.

Civil Action No.

## MOTION TO QUASH NON-PARTY SUBPOENA

Father Christopher Hartley, through counsel and appearing specially and solely for the

purpose of contesting the subject subpoena, hereby moves the Court to quash the Deposition

Subpoena *Duces Tecum* issued to him by Plaintiffs Felipe Vicini Lluberes and Juan Vicini

Lluberes, pursuant to Federal Rule of Civil Procedure 45.  That subpoena was issued in

connection with a civil case pending in the United States District Court for the District of

Massachusetts.  However, that subpoena was not served on Father Hartley in accordance with the

Federal Rules of Civil Procedure.  Moreover, even had Plaintiffs properly served that subpoena,

it would be inconsistent with the Federal Rules and with governing case law to compel Father

Hartley to produce documents and appear for a deposition in the District of Columbia.

Accordingly, the Court should grant the instant motion and order Plaintiffs' subpoena to Father

Hartley quashed.


Respectfully submitted,

Dated: January 4, 2008

By: _____

Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:   (202) 662-2000
Facsimile:   (202) 662-2190

Attorneys for Non-Party Father Christopher
Hartley

## LOCAL RULE 7(m) CERTIFICATION

The undersigned certifies that on January 4, 2007 he attempted to discuss the foregoing

Motion to Quash Non-Party Subpoena with counsel for Plaintiffs Felipe Vicini Lluberes and

Juan Vicini Lluberes vie telephone in a good faith effort to determine whether Plaintiffs Felipe

Vicini Lluberes and Juan Vicini Lluberes intended to oppose the relief sought in the Motion but

was unable to reach any of those counsel.


Respectfully submitted,


By: _____
Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:  (202) 662-2000
Facsimile:   (202) 662-2190

Attorneys for Non-Party Father Christopher
Hartley

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing (1) Motion to Quash Non-Party Subpoena, (2) Statement of Points and Authorities in Support of Motion to Quash Non-Party Subpoena, along with attached exhibit, and (3) Proposed Order were served on the following counsel of record on January 4, 2008 via First Class Mail, at the following addresses:

Read K. McCaffrey
Stephen Diaz Gavin
Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037

*Attorneys for Plaintiffs*

Elizabeth C. Koch
LEVINE SULLIVAN KOCH & SCHULTZ, LLP
1050 17th Street N.W.
Suite 800
Washington, D.C. 20036

*Attorneys for Defendants*

By: _____
Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:    (202) 662-2000
Facsimile:    (202) 662-2190
Attorneys for Non-Party Father Christopher Hartley

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELIPE VICINI LLUBERES, ET AL.,

         Plaintiffs,

    v.

UNCOMMON PRODUCTIONS, LLC, ET AL.,

         Defendants.

Civil Action No.

## STATEMENT OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA

Father Christopher Hartley, through counsel, hereby moves the Court to quash the Deposition Subpoena *Duces Tecum* purportedly issued to him by Plaintiffs Felipe Vicini Lluberes and Juan Vicini Lluberes (hereafter, "Plaintiffs"). That subpoena was issued in connection with a civil case pending in the United States District Court for the District of Massachusetts. However, Plaintiffs failed to serve that subpoena on Father Hartley, a non-party to the underlying action, in accordance with the Federal Rules of Civil Procedure (hereafter, "FRCP"). Moreover, even had Plaintiffs properly served that subpoena, it would be inconsistent with the Federal Rules and with case law to compel Father Hartley to produce documents or appear for his deposition in the District of Columbia. As such, the Court should grant the instant motion and order Plaintiffs' subpoena to Father Hartley quashed.

## BACKGROUND

The instant motion seeks to quash a subpoena issued to Father Hartley, a stranger to the underlying litigation. The subpoena to Father Hartley was issued in connection with a civil action pending in the United States District Court for the District of Massachusetts: *Lluberes v. Uncommon Productions, LLC*, Civil No. 07-11623 (D. Mass.). In that case, Plaintiffs, two citizens of the Dominican Republic who own and operate a "sugar-related business," have asserted claims for defamation against Defendants, an independent film company and the company's owner. Father Hartley was featured in a documentary produced by Defendants concerning alleged human rights abuses by sugar plantation owners in the Dominican Republic and which is the subject of the defamation claims against Defendants.

On November 14, 2007, Plaintiffs purportedly served a subpoena on Father Hartley in the District of Columbia. While Father Hartley was in the District of Columbia on that date, he was not personally served with the subpoena, as required by the Federal Rules. Moreover, even if Plaintiffs had properly served the subpoena on Father Hartley – which they did not – the subpoena purports to require Father Hartley to produce documents and attend a deposition more than 100 miles from his place of residence, as well as otherwise violates the applicable rules. As such, the Court should quash Plaintiffs' subpoena to Father Hartley.

## ARGUMENT

## I.    PLAINTIFFS' SUBPOENA IS INVALID BECAUSE IT WAS NOT PERSONALLY SERVED ON FATHER HARTLEY.

The Court should quash Plaintiffs' subpoena to Father Hartley because it was not personally served on him, as required by the Federal Rules. Specifically, FRCP 45(b)(1) states that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." Courts in this District interpret Rule 45 to require personal service. *See*

*FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312 – 13 (D.C. Cir. 1980); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004) (explaining that "Fed. R. Civ. P. 45(b)(1) requires personal service of deposition subpoenas").

Here, Plaintiffs did not actually serve their subpoena on Father Hartley at all, let alone in person. The affidavit of service attached to Plaintiffs' subpoena states in conclusory fashion that Father Hartley was served personally on November 14, 2007 at 5:02 P.M. at the intersection of 1st Street and Independence Avenue in Washington, D.C. *See* Ex. A at pg. 4 (Declaration of Fr. Hartley with Attachment). Father Hartley was in the District of Columbia near that location on November 14, 2007. *See* Ex. A at ¶ 6. However, he was **not** served with Plaintiffs' subpoena. *See* Ex. A at ¶ 7. Nor was Father Hartley approached by anyone attempting to serve him with Plaintiffs' subpoena. *See* Ex. A at ¶ 8. While Father Hartley does recall an individual shouting at him as he crossed an intersection on the afternoon of November 14, 2007, that individual did not approach Father Hartley and did not attempt to hand him any documents. *See* Ex. A at ¶ 9.

In short, Plaintiffs did not personally serve their subpoena on Father Hartley, as required by FRCP 45(b). As such, Plaintiff's subpoena is invalid and should be quashed by the Court.

## II.    EVEN IF PROPERLY SERVED, GOOD CAUSE EXISTS FOR QUASHING PLAINTIFFS' SUBPOENA ISSUED TO FATHER HARTLEY.

Even had Plaintiffs properly served their subpoena on Father Hartley, good cause exists for the Court to quash that subpoena for three reasons. First, the subpoena's requirement that Father Hartley produce documents in the District of Columbia subjects Father Hartley to an undue burden. A court must quash a subpoena for the production of documents when "a subpoena places an undue burden on the party subpoenaed." *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998). Moreover, "if the person to whom the [subpoena] is made is a non-party, the court may also consider the expense and inconvenience to the non-party" in assessing whether

that subpoena creates an undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Here, requiring Father Hartley to produce documents for inspection in the District of Columbia will subject him to an undue burden. Father Hartley does not live in or travel regularly to the District of Columbia. *See* Ex. A at ¶ 3- 4. In August 2007, Father Hartley was assigned by his Archdiocese to mission work in Ethiopia, and he has been continuously present in Ethiopia since December 5, 2007 – some two weeks before Plaintiffs filed their affidavit of purported service.[1] *See* Ex. A at ¶ 4. Additionally, none of the documents Plaintiffs request are located in the District of Columbia or, for that matter, elsewhere within the United States. *See* Ex. A at ¶ 11. As such, Plaintiffs' subpoena requiring Father Hartley to produce documents in the District of Columbia, if enforced, would subject Father Hartley, a non-party, to an undue burden. Therefore, even should the Court find Plaintiffs properly served their subpoena (which they did not), the Court should nevertheless quash that subpoena on the ground it subjects Father Hartley to an undue burden.[2]

Second, Plaintiffs' subpoena purports to compel Father Hartley's attendance at a deposition in the District of Columbia, in violation of FRCP 45(c)(3)(A)(ii). That Rule states that a Court "shall quash [a] subpoena if it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides." Father Hartley, a non-party, does not reside in or within 100 miles of the District of Columbia. Rather,

---

[1] It is unclear why, if plaintiffs purported to subpoena Father Hartley on November 14, 2007, plaintiffs chose not to file and serve their subpoena and affidavit of service until December 15, 2007 - approximately two weeks after Father Hartley had departed the country. Father Hartley is, of course, not aware whether plaintiffs were privy to his travel plans - although plaintiffs evidently had managed to apprise themselves of his presence in the District of Columbia on November 14. By waiting until after Father Hartley left the country for Ethiopia, plaintiffs obviated any practical possibility of voluntary compliance with or a negotiated resolution of their discovery efforts.

[2] Plaintiffs' subpoena is also grossly overbroad. While such overbreadth is not the subject of this motion, objections to the subpoena have been contemporaneously served on Plaintiffs' counsel.

he is currently living in Ethiopia. *See* Ex. A at ¶ 3. Nor does Father Hartley regularly travel to the District of Columbia. *See* Ex. A at ¶ 4. As such, Plaintiffs' attempt to subpoena Father Hartley for a deposition in the District of Columbia violates FRCP 45(c)(3)(A)(ii).

Third, the subpoena fails to comply with the express requirements of FRCP 45. The subpoena, at least as attached to the purported affidavit of service, does not contain the text of FRCP 45(c) and (d), as expressly required by FRCP 45(a)(1)(A)(iv). Moreover, neither the subpoena nor the affidavit of service recites that witness fees or mileage were tendered as required by FRCP 45(b)(1). Therefore, the Court should quash the subpoena for failure to comply with the applicable Federal Rules.

## CONCLUSION

For the foregoing reasons, the Court should grant the instant Motion and Order Plaintiffs' subpoena issued to Father Hartley quashed.

Respectfully submitted,

Dated: January 4, 2008                    By: _____
                                          Sean M. Hamilin (D.C. Bar No. 358347)
                                          ROSS, DIXON & BELL, LLP
                                          2001 K Street, N.W.
                                          Washington, D.C.  20006-1040
                                          Telephone:   (202) 662-2000
                                          Facsimile:   (202) 662-2190

                                          Attorneys for Non-Party Father Christopher
                                          Hartley

# EXHIBIT  A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELIPE VICINI LLUBERES, ET AL.,

Plaintiffs,

v.

UNCOMMON PRODUCTIONS, LLC, ET AL.,

Defendants.

Civil Action No. 07-11623 (D. Mass.)

## DECLARATION OF FATHER CHRISTOPHER HARTLEY

I declare under penalty of perjury as follows:

1.    My name is Christopher Hartley. By vocation, I am a Catholic priest ordained on November 8, 1982.

2.    I am not a citizen of the United States of America. By virtue of the birth countries of my parents, I am a dual citizen of the countries of Spain and the United Kingdom.

3.    In August 2007, I was assigned by my Archdiocese to undertake mission work in Ethiopia. I have resided since that time in Ethiopia and will continue to reside there until re-assigned by my Archdiocese.

4.    I do not regularly travel to the District of Columbia.

5.    In November – December 2007, I traveled from Ethiopia to the United States for approximately three weeks. During that trip, I visited the District of Columbia from November 13, 2007 through November 15, 2007.

6.    On November 14, 2007, I attended a screening of the documentary "The Price of Sugar" at a location near the United States Capitol Building in the District of Columbia.

Exhibit A
Page 1

7. On November 14, 2007, I was not served with the subpoena issued by Benjamin G. Chew and attached as exhibit A to this declaration.

8. On November 14, 2007, no one approached me and attempted to hand me the subpoena issued by Benjamin G. Chew and attached as exhibit A to this declaration.

9. During the afternoon of November 14, 2007, while accompanied by a reporter from CNN, Joe Johns, I did hear an individual call out my name as I crossed an intersection near the United States Capitol Building in the District of Columbia. However, I did not see the individual. The individual did not hand me any documents and did not attempt to hand me any documents.

10. On December 5, 2007, I returned to Ethiopia from the United States. I have been continuously present in Ethiopia since December 5, 2007.

11. I have reviewed the subpoena issued by Benjamin G. Chew and attached as exhibit A to this declaration. I first saw this document in January 2008. No documents responsive to that subpoena are located in either the District of Columbia or elsewhere in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 4, 2008.

Father Christopher Hartley

2

# ATTACHMENT  A

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Felipe Vicini Lluberes, et al.

vs.

Uncommon Productions, LLC, et al.

No. 07-11623 (DPW)

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, SCOTT KUCIK, having been duly authorized to make service of the Deposition Subpoena Duces Tecum and Attachment A in the above entitled case, hereby depose and say:

That my date of birth / age is 04-15-1966.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 5:02 pm on November 14, 2007, I served Fr. Christopher Hartley at 1st & Independence Avenue, Capital Hill, Washington, DC by serving Fr. Christopher Hartley, personally.  Described herein:

```
   SEX-    MALE
   AGE-    58
HEIGHT-    6'0"
  HAIR-    MIXED GRAY
WEIGHT-    210
  RACE-    WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on  _11-15-07_
              Date

SCOTT KUCIK
1827 18th Street, N.W.
Washington, D.C. 20009
Our File#- 197526

**Exhibit A**
**Page 4**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

FELIPE VICINI LLUBERES, et al.

V.

UNCOMMON PRODUCTIONS, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-11623 (DPW) D. Mass.

TO:  Fr. Christopher Hartley

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Patton Boggs, LLP, 2550 M Street, N.W., Washington, DC  20037 | DATE AND TIME  1/15/2008 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Patton Boggs, LLP, 2550 M Street, N.W., Washington, DC  20037 | DATE AND TIME  1/4/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  11/14/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin G. Chew, Esq., Patton Boggs, LLP, 2550 M Street, N.W., Washington, DC  20037  (202) 457-6000
Attorneys for Plaintiffs

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

ATTACHMENT A

**INSTRUCTIONS AND DEFINITIONS**

1.    If You assert either privilege or immunity as a ground for not responding fully to any document request below, please describe the bases for such assertion and the nature of the information not disclosed with sufficient particularity to permit Plaintiffs to assess the validity of Your privilege claim, and provide such information as is required by Federal Rule of Civil Procedure 26(b)(5) and the Local Civil Rules of the United States District Court for the District of Columbia.

2.    If You object to or refuse to respond fully to any part of any document request below on grounds other than privilege or immunity, please describe the grounds separately, fully and with sufficient particularity to permit Plaintiffs to assess the validity of Your objection.

3.    The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine, or neuter shall include each of the other genders as necessary to make this request inclusive rather than exclusive. The words "and" and/or "or" shall be construed conjunctively or disjunctively as necessary to make this request inclusive rather than exclusive. Use of the past tense includes the present tense, and use of the present tense includes the past tense. Each document request below shall be construed so as to furnish the most complete and inclusive answer.

4.    If You believe that any word or phrase in a document request below is ambiguous, or if You do not understand any word or phrase below, identify the ambiguity or source of confusion and explain the definition or understanding that You relied upon in responding.

5.    In producing documents, You shall furnish all documents in Your possession, custody, or control, regardless of whether such documents and things are possessed by You or Your predecessors, successors, subsidiaries, partners, directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by its attorneys of its agents, employees,

4921164

representatives or investigators. Without limitation of the term "control," a document is deemed to be in Your control if You have the right to secure the documents or a copy thereof from another person or public or private entity having actual possession thereof. If any document requested herein is not in Your possession, custody or control, then You are required to produce the best available copy, and to state, to the best of Your knowledge, the name and address of the person in possession and/or control of the original thereof. The fact that a document is in possession of another party does not relieve You of the obligation to produce its copy of the document, even if the two documents are identical.

6.    All documents shall be either produced as they are kept in the usual course of business or organized and labeled to correspond with the numbered categories of this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the documents in addition to the document itself.

7.    Documents shall be produced in such a fashion as to identify the department or office in whose possession such documents and things were located, and, where applicable, the natural person in whose possession they were found and the address of the custodian(s) of each document and thing.

8.    Any document withheld from production on the grounds of any privilege, doctrine, or immunity shall be identified by You, including identification of:

A.    The reason for assertion of privilege, work product or other grounds for non-disclosure;

B.    A statement of the basis for the claim of privilege, work product or other grounds for non-disclosure;

C.    A description of any document responsive to the request, including in said

4921164

description the name and job title of the author, the name and job title of any person or persons who have received a copy of and/or reviewed the document, the date of the document, its subject matter and the identity, job title and current address of its current custodian;

      D.    The name, business address, and present position of the document's author(s);

      E.    The position of the author(s) at the time the document(s) was/were prepared;

      F.    The name, business address, and present position of the document's addressee and all other recipients of the document(s);

      G.    The position of the document's addressee and all other recipients at the time the document(s) was/were prepared and at the time it was received; and

      H.    The facts and law upon which You will rely in support of that contention in response to a motion to compel.

      9.    Each request for a document shall be construed to include all preliminary or draft versions of that document. In the event that a copy of any document sought by this request is not identical to any other copy thereof by reason of marginal notations or otherwise, each such non-identical copy is deemed to be a separate document and is to be produced hereunder.

      10.    If any document within the scope of this request is not produced either because it has been destroyed or because it is no longer in Your custody or control, identify (a) the number of the request for production to which it would have been responsive, (b) its author, (c) all addressees and intended and unintended recipients, including recipients of blind copies, (d) its date, (e) its subject matter, (f) its current location, (g) the person or entity that has possession, custody, or control, (h) the reason that it was not produced, (i) the date and circumstances of its loss, destruction, or release from custody, and (j) the person authorizing the loss, destruction, or release

4921164

from custody.

11.     Unless a different time period is set forth in a specific document request, the time period covered by these document requests is January 1, 2003 through the present.

12.     Unless context clearly indicates otherwise, the following words shall be deemed to have the following meanings:

A.     "Communication" means any oral statement or statement that is written or recorded in any manner that is conveyed by one person to another person, any statement made by one person in the presence of one or more other persons, and any document or information delivered, including delivery by any electronic or digital means, by or for one person to another person.

B.     "You," or "Your," means Father Christopher Hartley and your predecessors, successors, subsidiaries, partners, agents, officers, directors, employees, consultants, attorneys and representatives.

C.     "Document" is intended to have the broadest possible meaning and include, without limitation, all originals, non-identical copies, and copies with marginal notations or interlineations of any written or graphic matter, as well as computer files and computer data (including computer tapes, computer drives or memories, computer diskettes or disks, electronic mail ("email"), CD Roms, *etc*), however produced or reproduced, in Your possession, custody, access or control, including, but not limited to, recordings, film, video, photographs, blueprints, correspondence, telegrams, notes, sound recordings of any type, notes of telephone conversations or meetings, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, results of investigations, contracts, licenses, agreements, working papers, government records, ledgers, books of account, invoices, charts, slips, logs, computer data, diaries or papers similar to any of the foregoing, however denominated, and specifically includes any preliminary notes, outline or draft of any of the foregoing. It also includes, but is not limited to, any electronically stored data on

4921164

magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data).

   D.    "Haney" means the Defendant William M. Haney, III, and all of his partners, agents, officers, directors, employees, consultants, attorneys and representatives.

   E.    "Uncommon Productions" means the Defendant Uncommon Productions, LLC and its predecessors, successors, subsidiaries, partners, agents, officers, directors, employees, consultants, attorneys and representatives.

   F.    "Person" or "individual" shall be deemed to include natural persons, partnerships, joint ventures, firms, associations, proprietorships, corporations, or other such entities and all subsidiaries, agents, employees, and representatives thereof.

   G.    "Pertaining to," "relating to," "related to," "reflecting," "with respect to," "regarding," "referring to," "in reference to," and "concerning" shall be interpreted broadly, including both explicit and implicit references, and shall mean, without limitation, relating to, regarding, constituting, defining, discussing, containing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

   H.    "Plaintiffs" means the Plaintiffs in this case, Felipe Vicini Lluberes and Juan Vicini Lluberes and their partners, agents, officers, directors, employees, consultants, attorneys and representatives.

   Please Produce:

   1.   All documents related to communications between You and Haney.

   2.   All documents related to communications between You and Uncommon Productions.

4921164

3.  All documents related to communications between You and Louise Rosen.

4.  All documents related to communications between You and Mitropoulos Films.

5.  All documents related to communications between You and Plaintiffs.

6.  All documents related to communications between You and Campos de Moya.

7.  All documents related to communications between You and Ricardo Hernandez.

8.  All documents related to communications between You and Richard Perez.

9.  All documents related to communications between You and Amy Serrano.

10. All documents related to communications between You and Pierre (Pedro) Ruquoy.

11. All documents related to communications between You and Celine Anaya-Gautier.

12. All documents related to communications between You and Gerard Maximin.

13. All documents related to communications between You and Brian McKenna.

14. All documents related to communications between You and any person affiliated with Siren Studios.

15. All documents related to communications between You and any person affiliated with Canaille Productions.

16. All documents related to communications between You and Jhonny Belizaire.

17. All documents related to communications between You and Yela Machasa.

18. All documents related to communications between You and Noemi Mendez.

19. All documents related to communications between You and Monsigniour Francisco Osorio.

20. All documents related to the film entitled *The Price of Sugar*.

21. All documents related to the film entitled *The Sugar Babies*.

22. All documents related to the film entitled *Batey Zero*.

23. All documents related to the film entitled *Big Sugar*.

24. All documents regarding Your assignment out of the Dominican Republic.

4921164

**Exhibit A**
**Page 11**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2007, a copy of the foregoing subpoena and affidavit of service was served by first class mail, postage prepaid, upon:

Elizabeth C. Koch, Esq.
Levine Sullivan Koch & Schultz, L.L.P.
1050 17th Street, N.W., Suite 800
Washington, DC 20036

*Attorneys for Defendants Uncommon Productions, LLC*
*and William M. Haney, III*


_____
Nigel L. Wilkinson

4927229

Exhibit A
Page 12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELIPE VICINI LLUBERES, ET AL.,

        Plaintiffs,

   v.

UNCOMMON PRODUCTIONS, LLC, ET AL.,

        Defendants.

Civil Action No.

## ORDER

Upon consideration of non-party Father Christopher Hartley's Motion to Quash Non-Party Subpoena and any and all Opposition thereto, it is this _____ day of _____, 2008,

**ORDERED** that the Motion to Quash is **GRANTED** and it is

**FURTHER ORDERED** that Plaintiffs Felipe Vicini Lluberes' and Juan Vicini Lluberes' subpoena to non-party Father Christopher Hartley is hereby quashed.

Date:_____

_____
U.S. District Court Judge

Copies to:

Read K. McCaffrey
Stephen Diaz Gavin
Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
*Attorneys for Plaintiffs*


Elizabeth C. Koch
LEVINE SULLIVAN KOCH & SCHULTZ, LLP
1050 17th Street N.W.
Suite 800
Washington, D.C. 20036
*Attorneys for Defendants*

Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
*Attorneys for Non-Party Father Christopher Hartley*