IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATHER CHRISTOPHER HARTLEY<br><br>                Movant,<br><br>        v.<br><br>FELIPE VICINI LLUBERES, *et al.*,<br><br>                Respondents. | Civil Action No. 1:08-mc-00010-RJL |

**REPLY IN FURTHER SUPPORT OF
MOTION TO QUASH NON-PARTY SUBPOENA**

**INTRODUCTION**

Father Christopher Hartley, through counsel and appearing specially and solely for the purpose of contesting the subject subpoena, hereby offers the following points in further support of his Motion to Quash the Non-Party Deposition Subpoena *Duces Tecum* issued to him by Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes ("Respondents").

**ARGUMENT**

A.  **Father Hartley Is Willing To Provide Respondents Relevant, Non-Privileged Documents They Seek.**

As outlined in Father Hartley's Memorandum in Support of his Motion to Quash, the Subpoena *Duces Tecum* issued to him that is the subject of this miscellaneous action was not properly served on him. Nevertheless, and without conceding service, Father Hartley will agree to produce those documents requested by that Subpoena subject to the objections Father Hartley served on Respondents on January 4, 2008 and any appropriate assertions of applicable privileges.

**B.     The Federal Rules Do Not Permit Father Hartley's Deposition In The District Of Columbia.**

Even had Respondents properly served their Subpoena, which they did not, Father Hartley cannot be forced to appear for his deposition in the District of Columbia. As Respondents' Opposition correctly notes, pursuant to FRCP 45(c)(3)(A)(ii), a court shall "quash a subpoena if it requires a non-party to travel more than 100 miles from a place where that person 'resides, is employed or regularly transacts business.'" Opposition at pg. 12. Respondents' Opposition fails to show Father Hartley satisfies any of these three preconditions. Indeed, he does not.

First, Father Hartley does not live in the District of Columbia; he lives in Ethiopia. *See* January 4, 2008 Declaration at ¶ 3 (attached to Father Hartley's Motion to Quash). Respondent's Opposition does not dispute this fact.

Second, Father Hartley is not employed in the District of Columbia; his employment is as a priest engaged in mission work in Ethiopia. *See* January 4, 2008 Declaration at ¶ 3. Again, Respondent's Opposition does not dispute this fact. Instead, all it offers is an unsupported statement that Father Hartley's "employer is located in New York." Opposition at pg. 12. Respondents are incorrect. Father Hartley's "employer" (to the extent his religious superiors can be considered as such) is located in Toledo, Spain. *See* January 26, 2008 Declaration at ¶ 2 (attached as Exhibit A). In any event, even if Father Hartley's employer was in New York, he would still not be subject to a deposition in the District of Columbia, more than 100 miles away.

Finally, Father Hartley does not "regularly transact business" in the District of Columbia. In fact, in the last twenty years, he has visited the District of Columbia only on three (3) occasions for a total of five (5) days. *See* January 26, 2008 Declaration at ¶ 3. Such sporadic visits cannot subject Father Hartley to a deposition in the District of Columbia. *See Regents of*

*Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464-65 (S.D. Cal. 1996) (holding "ten trips in seven years was insufficient" to establish non-party regularly transacted business in jurisdiction under FRCP 45); *see also Godfrey v. Iverson*, Civil No. 05-2044, 2007 U.S. Dist. LEXIS 43269 at * 4-5 (D.D.C. June 15, 2007) (citing *Kohne* with approval).

In short, Father Hartley does not meet any of the prerequisites set out by FRCP 45(c)(3)(A)(ii). This Court must therefore quash the Respondents' Subpoena seeking his deposition in the District of Columbia.

## CONCLUSION

For the foregoing reasons, as well as those contained in the Memorandum in Support of Father Hartley's Motion to Quash Non-Party Subpoena, the Court should grant Father Hartley's Motion and order the Respondents' Subpoena *Duces Tecum* quashed.

Respectfully submitted,

Dated: January 28, 2008                By:  /s/
                                           Sean M. Hanifin (D.C. Bar No. 358347)
                                           ROSS, DIXON & BELL, LLP
                                           2001 K Street, N.W.
                                           Washington, D.C. 20006-1040
                                           Telephone:  (202) 662-2000
                                           Facsimile:  (202) 662-2190

                                           Attorneys for Non-Party Father Christopher Hartley

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and complete copy of the foregoing reply in Further Support of Motion to Quash Non-Party Subpoena, , along with attached Declaration, was served on the following counsel of record on January 28, 2008 via the Court's electronic filing system and first-class mail:

| | |
|---|---|
| Read K. McCaffrey<br>Stephen Diaz Gavin<br>Benjamin G. Chew<br>PATTON BOGGS LLP<br>2550 M Street, N.W.<br>Washington, D.C. 20037<br><br>*Attorneys for Respondents/Plaintiffs* | Elizabeth C. Koch<br>LEVINE SULLIVAN KOCH & SCHULTZ, LLP<br>1050 17th Street N.W.<br>Suite 800<br>Washington, D.C. 20036<br><br>*Attorneys for Defendants* |

By:_____/s/_____
Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040
Telephone:    (202) 662-2000
Facsimile:    (202) 662-2190
Attorneys for Non-Party Father Christopher Hartley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FATHER CHRISTOPHER HARTLEY

    Movant,

v.

FELIPE VICINI LLUBERES, et al.,

    Respondents.

Civil Action No. 1:08-mc-00010-RJL

### DECLARATION OF FATHER CHRISTOPHER HARTLEY

I declare under penalty of perjury as follows:

1. My name is Christopher Hartley. By vocation, I am a Catholic priest ordained on November 8, 1982.

2. My religious superiors are located in Toledo, Spain. In 2006, I was excardinated from my former diocese in New York and incardinated into the Toledo, Spain diocese. My present assignment in Ethiopia is at the direction of the Toledo, Spain diocese.

3. I have been in the District of Columbia, or within 100 miles of the District of Columbia, on only three (3) occasions in the last twenty years:

    a. I was in the District of Columbia for three days, from November 13-15, 2007, for a screening of the documentary film that is the subject of the above-captioned dispute;

    b. On or about June 26, 2007, I was in the District of Columbia for one day to attend a meeting at the United States Department of State; and

c. In 1988 or 1989, I was in the District of Columbia for one day to teach at the Formation House of the Missionaries of Charity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2008.

*[signature]*
Father Christopher Hartley