## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

_____
                                        )

| | |
|---|---|
| **FATHER CHRISTOPHER HARTLEY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:08-mc-00010-RJL** |
| ) | |
| **FELIPE VICINI LLUBERES,** *et al.,* ) | **Oral Hearing Requested** |
| ) | |
| **Respondents.** ) | |
| ) | |
| _____ ) | |

## <u>PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY</u>

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes (hereinafter, "Plaintiffs", or the "Vicinis"), by and through their undersigned counsel, respectfully move this Honorable Court for leave to file a surreply to Father Christopher Hartley's Reply in Support of his Motion to Quash Non-Party Subpoena.

The Motion should be granted because Fr. Hartley's Reply includes a second Declaration in support of his Motion to Quash that contains new and false testimony, to which Plaintiffs otherwise

would be unable to respond.  A Memorandum of Points and Authorities and proposed Order are

attached for the Court's consideration, in addition to Plaintiffs' proposed Surreply.


Respectfully submitted,



/s/ Benjamin G. Chew
Read K. McCaffrey
Stephen Díaz Gavin
Benjamin G. Chew (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
E-mail:      bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and
Juan Vicini Lluberes*


Dated:  February 1, 2008

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **FATHER CHRISTOPHER HARTLEY,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-mc-00010-RJL |
| | ) | |
| **FELIPE VICINI LLUBERES, *et al.*,** | ) | Oral Hearing Requested |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes (hereinafter, "Plaintiffs", or the "Vicinis"), by and through their undersigned counsel, have moved this Honorable Court for leave to file a surreply to Father Christopher Hartley's Reply in Support of Motion to Quash Non-Party Subpoena. In further support thereof, the Vicinis state as follows:

The Vicinis seek leave to file a short surreply so as to respond to Fr. Hartley's new assertions of fact made in his second Declaration, dated January 26, 2008, attached to his Reply. A copy of the Vicinis' proposed Surreply is attached hereto as **Exhibit 1** for the Court's consideration.

Amazingly, in Fr. Hartley's second Declaration, he does not recant his false testimony concerning proper service of the Subpoena on him by process server Scott Kucik, as confirmed by eyewitness Joe Johns of CNN (via Declaration). Nor does he make any attempt to reconcile or explain away the testimony of Messrs. Kucik and Johns clearly placing Mr. Kucik an arms-length from Fr. Hartley, and Fr. Hartley's refusal to take physical possession of the Subpoena, requiring Mr.

Kucik to leave the Subpoena at his feet, thereby effecting proper service. Rather, Fr. Hartley ignores the issue of his prior false statements altogether, apparently hoping that the Court will do the same. Moreover, Fr. Hartley makes a new false statement, misrepresenting the year in which he was ex-cardinated from the Archdiocese of New York and in-cardinated in the Archdiocese of Toledo, Spain, so as to mislead this Court as to the extent of his contacts in the United States. Second Hartley Declaration, ¶ 2. The Vicinis attach to the proposed Surreply a letter from the General Counsel of the Archdiocese of New York to correct the record.

The Vicinis also seek to respond to Fr. Hartley's new admissions about his recent visits to the District of Columbia in 2007 to promote *The Price of Sugar* ("*POS*"), which contradict his original blanket assertion that he does not regularly transact business in the District. *Id.*, ¶ 3. Indeed, Fr. Hartley not only has attended screenings of *POS* in the District of Columbia, at which he has repeated many of the same false and defamatory statements about the Vicinis at issue in the underlying litigation, but he also apparently shares one half of the film's profits with its filmmakers pursuant to a written contract, a copy of which is attached as an exhibit to the proposed Surreply. Plaintiffs further are aware that at least two theatres in the District of Columbia metropolitan area have shown *POS* in June and November, 2007, respectively, which coincides with the two visits Fr. Hartley admits to having made to the District of Columbia. The Vicinis further seek leave to file their Surreply to address Fr. Hartley's untimely and insufficient offer to produce documents, which Fr. Hartley makes for the first time in his Reply. Reply at 1.

I.    **The Court Should Grant the Vicinis' Leave to File a Short Surreply to the New Matters Raised by Fr. Hartley in His Reply, Including His False Testimony**

This Court routinely grants motions for leave to file sur-replies where, as here, one party raises new matters for the first time in the last scheduled pleading, to which the other party otherwise would be unable to respond. *Flanagan v. Wyndam Int'l, Inc.*, 231 F.R.D. 98, 101 (D.D.C.

2005) (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C.Cir. 2003) (quoting Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001))).

As set forth above, Fr. Hartley raises new matters in both his Reply brief and his accompanying second Declaration to which Plaintiffs otherwise would not be able to respond absent a surreply. These new matters include Fr. Hartley's false testimony concerning the year in which he was ex-cardinated from the Archdiocese of New York (Second Declaration, ¶ 2), his admissions about his recent visits to the District of Columbia to promote *POS* (*Id.*, ¶ 3), and his new offer to produce documents, but without the necessary deposition. Reply at 1. Accordingly, the Court should permit Plaintiffs to address Fr. Hartley's new statements in a surreply.

In a nearly identical case, this Court granted a motion for leave to file a surreply of a party issuing a Rule 45 subpoena to permit that party to respond to the new matters raised by the movant in its signed declaration accompanying the movant's reply in support of a motion to quash. *Flanagan*, 231 F.R.D. at 101; *accord Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.D.C. 1998). In *Flanagan*, Judge Lamberth held that the issuing party "seek[s] an opportunity to refute the statements made by [movant] in her supplemental declaration. Were this Court to deny the [issuing party's] leave to file a surreply, the [issuing party] would be unable to contest matters presented to the court for the first time in the form of [movant's] supplemental declaration. Hence, it is the conclusion of this Court that the [issuing party] have demonstrated good cause for the Court to grant this motion." For the same reasons, the Court should grant Plaintiffs leave to file the short Surreply (attached hereto as

**Exhibit 1** for the Court's consideration) so that Plaintiffs may address the new matters raised by Fr.

Hartley in his Reply and second Declaration.

Respectfully submitted,


/s/ Benjamin G. Chew
Read K. McCaffrey
Stephen Díaz Gavin
Benjamin G. Chew (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
E-mail:      bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and
Juan Vicini Lluberes*


Dated:  February 1, 2008

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 1st day of February, 2008, I delivered by hand, and electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF), the foregoing Motion for Leave to File Surreply, Memorandum of Points and Authorities in support thereof, and proposed Order to the following:

Sean M Hanifin, Esq.
ROSS DIXON & BELL LLP
2001 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 662-2000
Facsimile:  (202) 662-2190
E-mail:      shanifin@rdblaw.com

*Counsel for Father Christopher Hartley*

Elizabeth C. Koch, Esq.
LEVINE SULLIVAN KOCH & SHULTZ, LLP
1050 17th Street, N.W.
Suite 800
Washington, DC  20036
Telephone:  (202) 508-1100
Facsimile:  (202) 861-9888
E-mail:      bkoch@skslaw.com

*Counsel for Defendants*

/s/ Benjamin G. Chew
Benjamin G. Chew

4935621

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

FATHER CHRISTOPHER HARTLEY,

       Movant,

       v.

FELIPE VICINI LLUBERES, *et al.*,

       Respondents.

_____

Civil Action No. 1:08-mc-00010-RJL

Oral Hearing Requested

### PLAINTIFFS' SURREPLY TO FATHER CHRISTOPHER HARTLEY'S REPLY IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes ("Plaintiffs" or the "Vicinis"), by and through their undersigned counsel, hereby submit their Surreply to Father Christopher Hartley's Reply in Support of Motion to Quash Non-Party Subpoena.

### I.    Father Hartley Has Again Testified Falsely Under Oath

As the Court is aware, Fr. Hartley testified in his original Declaration "supporting" his Motion to Quash that:

> During the afternoon of November 14, 2007, **while accompanied by a reporter from CNN Joe Johns,** I did hear an individual call out my name as I crossed an intersection near the United States Capitol building in the District of Columbia. **However, I did not see the individual. The individual did not hand me any documents or attempt to hand me any documents.**

Hartley Declaration (January 4, 2008) ("Hartley Decl. I") at ¶ 9. Fr. Hartley's statement is false in all material respects.

Scott Kucik of Capitol Process Services testified in great detail how, after he addressed Fr. Hartley by name, Fr. Hartley turned to face him, saw the Subpoena as Mr. Kucik was holding it out toward him (explaining to Fr. Hartley that he was serving him with a witness subpoena), then turned

his back, prompting Mr. Kucik to request Fr. Hartley to please take the Subpoena in his hand so that

he would not have to leave it at his feet.  When Fr. Hartley failed to respond, Mr. Kucik laid the

Subpoena at Fr. Hartley's feet.  After the light changed, Fr. Hartley walked with Mr. Johns across the

street.  Affidavit of Scott Kucik ("Kucik Aff.") at ¶¶ 26-33.

      The eyewitness, Joe Johns of CNN, confirmed Mr. Kucik's testimony and contradicted that

of Fr. Hartley:

> While we were waiting at an intersection a gentleman called out Fr.
> Hartley's name.
>
> I saw the gentlemen [Scott Kucik of Capitol] attempt to hand some
> papers to Fr. Hartley.
> Fr. Hartley took a quick look at the papers and walked away.
>
> At that point the same gentleman said something like Father Hartley,
> I am laying the document at your feet or 'I am laying the subpoena at
> your feet.'
>
> Father Hartley did not look back and kept walking.

Declaration of Joe Johns (January 23, 2008) at ¶¶ 4-8.

      Faced with the testimony of this disinterested witness who Fr. Hartley himself placed at the

scene of service,[1] Fr. Hartley could have been expected to take either of the following options:

      a) apologize to the Court and recant his false testimony denying the facts establishing proper

service of the Subpoena on him; *or*

      b) attempt to reconcile or explain away the testimony of Messrs. Kucik and Johns.

      Amazingly, Fr. Hartley chose *neither*.  Rather, he submitted along with his Reply a new

Declaration, dated January 26, 2008 ("Hartley Decl. II") that fails either to recant his prior false

testimony or to address the truthful testimony of Messrs. Kucik and Johns *at all*.[2]  Indeed, like the

---

[1] Indeed, Mr. Johns has aired reports most sympathetic to Fr. Hartley.

[2] Though the Vicinis in no way suggest that Fr. Hartley's counsel knew or had reason to suspect his client was testifying falsely at the time he submitted his original Declaration to the Court as Exhibit A to the Motion to Quash, it is

proverbial ostrich hiding its head in the sand, Fr. Hartley chose to ignore his own perjury, hoping that the Court would overlook it as well.

In his terse supplemental declaration, apparently intended to minimize his contacts with this District and the United States, Fr. Hartley testified:

> My religious supervisors are located in Toledo, Spain.  **In 2006 I was excardinated from my former diocese in New York and incardinated into the Toledo, Spain diocese.**

Hartley II at ¶ 2 (emphasis added).

Like Fr. Hartley's prior testimony denying the facts establishing proper service, this new testimony is also false.  The General Counsel for the Archdiocese of New York explains that Fr. Hartley's ex-cardination from the Archdiocese in fact occurred a year later:

> **[i]n April 2007, at his request, Farther Hartley was ex-cardinated as a priest of the New York** Archdiocese and was re-incardiated into the Archdiocese of Toledo, Spain.

Letter (January 24, 2009).  **Exhibit A** (emphasis added).  Thus, Fr. Hartley *again* has testified falsely.[3]

## II.    Fr. Hartley Cannot Meet His Heavy Burden Required for Quashing the Subpoena

Having testified falsely in *both* of the Declarations he has submitted to this Court (and having made no attempt to recant, reconcile or explain away his false testimony as to service of the Subpoena), Fr. Hartley cannot carry his "heavy burden" of proving that the Subpoena is "unduly burdensome."  *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403-04 (D.C. Cir. 1984) (movant must "adequately demonstrate" grounds supporting motion to quash under Rule 45(c)(3)(A)(iv), which requires providing the court with credible evidence of undue burden) (citations omitted).

---

disappointing that, after receiving the Kucik Affidavit and Johns Declaration, counsel would continue to assert that Fr. Hartley was not properly served with the Subpoena.  Reply at 1.

[3] It strains credulity to believe that Fr. Hartley could have been honestly mistaken about a fact so material to his relationship with the Church.

In any event, Plaintiffs respectfully submit that they have put any question of burden to rest by committing to be flexible in terms of the time and location of Fr. Hartley's deposition, and to pay the reasonable costs of his transportation and lodging associated with the deposition. *See* Opposition at 13.

## III.    Fr. Hartley Is Not Entitled to Quash the Subpoena Under Rule 45(c)(3)(A)(ii)

Fr. Hartley has *admitted* to making at least two visits to the District of Columbia in June and November 2007, respectively, to promote *The Price of Sugar* ("*POS*").[4]  Indeed, while he was an employee of the Archdiocese of New York, Fr. Hartley entered into a contract with the filmmakers of *POS* to share in fifty percent (50%) of the film's profits.[5]  **Exhibit B**.  Performance of that contract, at least in part, already has occurred in and around the District of Columbia including, *inter alia*, screenings of the film coinciding with Fr. Hartley's admitted visits to the area:  (1) an eight-day public showing of *POS* in November 2007 at the E Street Theater, 555 11th Street, N.W., Washington, DC; and (2) a two-day public showing of *POS* in June 2007 at the AFI Silver Theater in Silver Spring, Maryland, for the SILVERDOCS Film Festival.

Fr. Hartley would have this Court rule that he can come to this jurisdiction on repeated occasions for extended stays to promote and receive revenues from a film in which he falsely accuses the Vicinis of heinous crimes, including murder, repeat those false accusations before large groups, including at a Congressional hearing, but avoid having to be deposed because it is suddenly too inconvenient or unfair for him to have to return here (or any other reasonable venue at Plaintiffs' expense) to explain what basis, if any, he had to make his outrageous claims.  However, contrary to Fr. Hartley's spare, conclusory assertions, the weight of credible evidence before the Court actually supports that Fr. Hartley has regularly transacted business in person in or around the

---

[4] Upon information and belief, Fr. Hartley's meeting at the United States Department of State in the District of Columbia on June 26, 2007, concerned, or was related to, *POS*.  Hartley Decl. II, ¶ 3.

[5] Fr. Hartley purportedly is to donate these profits to charity.

District of Columbia for purposes of Rule 45(c)(3)(A)(ii).  At a minimum, Fr. Hartley has failed to

meet his heavy burden of proving that compliance with the Subpoena would require him to travel

more than 100 miles from a place were he "regularly transacts business."  Rule 45(c)(3)(A)(ii);

*Rimstat, Ltd. v. Hilliard*, 207 B.R. 964, 969 (D.D.C. 1997) (citing *Northrop*, 751 F.2d at 403).

Consequently, Fr. Hartley is not entitled to have the Subpoena quashed under Rule 45(c)(3)(A)(ii)

and his Motion should be denied.

**IV.    Fr. Hartley's Offer to Produce Documents in Lieu of Being Deposed Is Insufficient, and He Waived His Objections by Filing Them Out of Time**

Fr. Hartley's "agreement" to produce documents "subject to the objections Father Hartley

served on Respondents on January 4, 2008" is insufficient and improper.  Reply at 1.  As a threshold

matter, Plaintiffs cannot agree to limit Fr. Hartley's response to the Subpoena to a document

production because Fr. Hartley's deposition is vital to Plaintiffs' case against *POS*'s filmmakers.

Indeed, it is apparent from the film and from Defendants' interrogatory answers that Fr. Hartley is

the primary source for the filmmaker's false allegations that the Vicinis committed heinous crimes.

*See* Opposition at 2, 3 and 11.  He is the one, after all, who accuses the Vicinis on screen, falsely, as

having "blood on their hands."  Discovery cuts off in June and, given that Fr. Hartley is (along with

the filmmaker) the key witness, Plaintiffs need to depose him in the relatively near future, which is

why Plaintiffs requested that he produce documents on the morning of January 4 (10:00 a.m.) and

noticed his deposition for January 31.

Moreover, Fr. Hartley cannot limit his production of documents "subject to the objections"

he served on Plaintiffs because his Objections were untimely and therefore waived.  It is a matter of

record that Fr. Hartley failed to object to the Subpoena within the fourteen (14) day period after

service as required under Rule 45(c)(2)(B).  *See* Opposition at 8-9.  Rather than serve by the 14-day

deadline, November 28, 2007, Fr. Hartley served his Objections on the afternoon of January 4,

2008, *52 days after* service of the Subpoena on November 14, 2007.  Accordingly, Fr. Hartley's

"'failure to serve written objections to [the Subpoena] within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections.'" *Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998) (citation omitted).

## Conclusion

For the foregoing reasons and for the further reasons set forth in Plaintiffs' Opposition, Plaintiffs respectfully submit that the Court should deny Fr. Hartley's Motion to Quash and enforce the Subpoena, ordering Fr. Hartley to be deposed in a timely manner (with Plaintiffs to pay any reasonable travel and lodging expenses) and immediately produce the documents requested in the Subpoena.

Respectfully submitted,

/s/ Benjamin G. Chew
Read K. McCaffrey
Stephen Díaz Gavin
Benjamin G. Chew (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:    (202) 457-6315
E-mail:        bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes*

Dated:  February 1, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of February, 2008, I delivered, by hand, and electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF), the foregoing Surreply to Father Christopher Hartley's Reply in Support of Motion to Quash Non-Party Subpoena, to the following:

> Sean M Hanifin, Esq.
> ROSS DIXON & BELL LLP
> 2001 K Street, N.W.
> Washington, DC  20006
> Telephone:  (202) 662-2000
> Facsimile:  (202) 662-2190
> E-mail:      shanifin@rdblaw.com
>
> *Counsel for Father Christopher Hartley*
>
> Elizabeth C. Koch, Esq.
> LEVINE SULLIVAN KOCH & SHULTZ, LLP
> 1050 17th Street, N.W.
> Suite 800
> Washington, DC  20036
> Telephone:  (202) 508-1100
> Facsimile:  (202) 861-9888
> E-mail:      bkoch@skslaw.com
>
> *Counsel for Defendants*
>
>
> /s/ Benjamin G. Chew
> Benjamin G. Chew

4935094

# EXHIBIT A



**OFFICE OF LEGAL AFFAIRS**
ARCHDIOCESE OF NEW YORK

James P. McCabe
General Counsel

January 24, 2008

Stephen Diaz Gavin, Esq.
Patton Boggs LLP
Attorneys at Law
2550 M Street, NW
Washington, DC 20037-1350

Re: <u>Deposition of Father Hartley</u>

Dear Mr. Gavin:

I am the General Counsel of the Archdiocese of New York.

# REDACTED

As you may be aware, Father Hartley was ordained a priest of the Archdiocese of Toledo, Spain. He later incardinated into the Archdiocese of New York. However, in April 2007, at his request, Father Hartley ex-cardinated as a priest of the New York Archdiocese and was re-incardinated into the Archdiocese of Toledo, Spain.

As I hope you will understand, because Father Hartley is no longer a priest of the Archdiocese of New York, we can offer no assistance in scheduling Father Hartley's appearance at a deposition.

Sincerely yours,

James P. McCabe

JPMc:jca

# EXHIBIT B

**Uncommon Productions LLC**
282 Moody Street, Suite 309
Waltham, MA  02453

As of April ⨅, 2005

**Father Christopher Hartley**

Los Llanos

Dear Father Christopher:

This letter confirms our understanding with respect to a documentary motion picture currently entitled "Act of Hope" (the "Documentary") concerning your work with the sugar cane cutting communities in the Dominican Republic, as follows:

1.      In appreciation for your cooperation and the rights you are granting to us, we agree to pay a charity designated by you 50% of any profit we make on the Documentary after recovering our costs.

2.      You will consult with us, provide us with information, allow yourself to be interviewed and otherwise reasonably cooperate with us in production of the Documentary.  We agree that we will use only biographical information concerning you provided by you or otherwise approved by you.

3.      You agree that we may use your name and likeness, biographical information concerning you and any interviews or other recordings of you in the Documentary and in the distribution, advertising, publicity and promotion of the Documentary in any media, now or hereafter known, throughout the universe in perpetuity.  We will own the Documentary and any other works prepared in connection with it, and you agree not to assert any copyright or other rights of ownership therein. We agree, however, that we will not license the Documentary for exhibition on any cable television service that primarily exhibits programming that is rated TV-MA ("Mature Audience") under the Federal Communications Commission's V-chip ratings system (such as the Playboy Channel).

4.      As the producer, you understand that we will have editorial control of the Documentary and you agree that we may edit any depictions of you, any material provided by you and any of your statements or comments and may juxtapose any of the foregoing, or any simulation and/or impersonation of them, with any other material selected by us.  You waive and agree not to assert any claims based upon such and editing and use of such material, including, but not limited to, claims or liabilities for libel, slander, invasion of the right of privacy, or other infringement or violation of your personal or property rights of any sort whatsoever.  We agree, however, that this consent is given with the understanding that Bill Haney will be associated with the Documentary throughout photography and editing (other than any editing after the completion of the Documentary for local censorship, broadcast time, etc.).

#271331.1

5.    You confirm to us that you have the right to grant every right granted herein without the consent of any other person and will indemnify us against any contrary claim.

6.    We may assign or license any of the rights granted by you to any third party after the Documentary has been finished (examples of third parties are distributors, broadcasters, etc.).  We will not authorize any such third party, however, to edit the Documentary in any material way, except for timing and to comply with local censorship requirements and broadcast standards.  We will not license any recording of you for any production other than the Documentary and the advertising, publicity and promotion of the Documentary without your consent.

Please confirm your agreement to the above by signing in the space below.

**Uncommon Productions LLC**

By _____
        Bill Haney, Manager

ACCEPTED AND AGREED:

_____
**Father Christopher Hartley**

#271331.1

UP00061

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

———————————————————————— )
                                                  )
**FATHER CHRISTOPHER HARTLEY,**    )
                                                  )
       **Movant,**                     )
                                                  )
   **v.**                                      )    **Civil Action No. 1:08-mc-00010-RJL**
                                                  )
**FELIPE VICINI LLUBERES,** *et al.,*    )    **Oral Hearing Requested**
                                                  )
   **Respondents.**             )
                                                  )
———————————————————————— )

## <u>ORDER</u>

Upon consideration of Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini

Lluberes' (hereinafter, "Plaintiffs", or the "Vicinis") Motion for Leave to File Surreply to Father

Christopher Hartley's Reply in Support of Motion to Quash Non-Party Subpoena, Plaintiffs'

memorandum in support thereof, any opposition and reply thereto, and the record, it is, this _____

day of February, 2008, hereby ORDERED as follows:


1.      Plaintiffs'/Respondents' Motion for Leave to File Surreply is GRANTED.



                              ———————————————————————
                                 The Honorable Richard J. Leon
                           UNITED STATES DISTRICT COURT JUDGE