IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FATHER CHRISTOPHER HARTLEY,** | ) |
| Movant, | ) |
| v. | ) Civil Action No. 1:08-mc-00010-RJL |
| **FELIPE VICINI LLUBERES,** *et al.*, | ) UNDER SEAL |
| Respondents. | ) |

**CONSENT MOTION FOR PERMISSION TO FILE UNDER SEAL**

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes ("Respondents" or the "Vicinis"), by and through their undersigned counsel, pursuant to Local Civil Rule 5.1(j), hereby move the Court for permission to file under seal. On April 9, 2008, Respondents intend to file their Supplemental Memorandum as directed by the Court at the April 3, 2008, hearing on Movant Father Christopher Hartley's Motion to Quash Non-Party Subpoena. The Supplemental Memorandum discusses and attaches documents designated as Confidential pursuant to a Protective Order entered in the underlying action pending in the United States District Court for the District of Massachusetts, *Lluberes v. Uncommon Productions, LLC, et al.*, Civil Action No. 07-11623 (D. Mass.). The Protective Order requires these documents be filed with the Court under seal. Accordingly, Respondents respectfully request that the Court grant the instant consent motion and accept their Supplemental Memorandum under seal.

Respectfully submitted,

/s/ Benjamin G. Chew
Read K. McCaffrey, Esq.
Stephen Díaz Gavin, Esq.
Benjamin G. Chew, Esq. (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:    (202) 457-6315
E-mail:        bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes*

Dated:  April 9, 2008

**LOCAL RULE 7(m) CERTIFICATION**

The undersigned certifies that Movant Father Christopher Hartley consents to the foregoing Motion for Permission to File Under Seal.

Respectfully submitted,

/s/ Benjamin G. Chew
Read K. McCaffrey, Esq.
Stephen Díaz Gavin, Esq.
Benjamin G. Chew, Esq. (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
E-mail:       bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes*

Dated:  April 9, 2008

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FATHER CHRISTOPHER HARTLEY,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-mc-00010-RJL |
| ) | **UNDER SEAL** |
| **FELIPE VICINI LLUBERES,** *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT
OF CONSENT MOTION FOR PERMISSION TO FILE UNDER SEAL**

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes ("Respondents" or the "Vicinis"), by and through their undersigned counsel, pursuant to Local Civil Rule 5.1(j), have moved the Court for permission to file under seal their Supplemental Memorandum as directed by the Court at the April 3, 2008, hearing on Movant Father Christopher Hartley's Motion to Quash Non-Party Subpoena. The Supplemental Memorandum discusses and attaches documents designated as Confidential pursuant to a Protective Order entered in the underlying action pending in the United States District Court for the District of Massachusetts, *Lluberes v. Uncommon Productions, LLC, et al.*, Civil Action No. 07-11623 (D. Mass.). The Protective Order (**Exhibit 1**) requires these documents be filed with the Court under seal. Accordingly, Respondents respectfully request that the Court grant the instant consent motion and accept Respondents' Supplemental Memorandum under seal.

        Respectfully submitted,

        /s/ Benjamin G. Chew
        Read K. McCaffrey, Esq.
        Stephen Díaz Gavin, Esq.
        Benjamin G. Chew, Esq. (D.C. Bar #418577)
        PATTON BOGGS LLP
        2550 M Street, NW
        Washington, DC  20037
        Telephone:  (202) 457-6000
        Facsimile:   (202) 457-6315
        E-mail:        bchew@pattonboggs.com

        *Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes*

Dated:  April 9, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of April, 2008, I electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF), and served via first-class mail, postage prepaid, the foregoing Consent Motion for Permission to File Under Seal, Statement of Points and Authorities in support thereof, and proposed Order, upon the following:

> Sean M Hanifin, Esq.
> ROSS DIXON & BELL LLP
> 2001 K Street, NW
> Washington, DC  20006
> Telephone:  (202) 662-2000
> Facsimile:   (202) 662-2190
> E-mail:       shanifin@rdblaw.com
>
> *Counsel for Movant Father Christopher Hartley*
>
> Elizabeth C. Koch, Esq.
> LEVINE SULLIVAN KOCH & SHULTZ, LLP
> 1050 17th Street, NW
> Suite 800
> Washington, DC  20036
> Telephone:  (202) 508-1100
> Facsimile:   (202) 861-9888
> E-mail:       bkoch@skslaw.com
>
> *Counsel for Defendants in the Underlying Action*

/s/ Benjamin G. Chew

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FELIPE VICINI LLUBERES and
JUAN VICINI LLUBERES

    Plaintiffs,

vs.

UNCOMMON PRODUCTIONS, LLC
and WILLIAM M. HANEY, III,

    Defendants.

CASE NO. 07 CA 11623 DPW

## STIPULATED PROTECTIVE ORDER

1. This Order governs the handling of all documents, records, electronic files, tangible materials, testimony, responses to discovery and other information produced, served, disclosed or filed, whether voluntarily or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summaries (collectively "Material") in connection with this action. This Order shall not govern the treatment of any Material obtained by any Person or Party by any means other than in connection with this action.

2. The provisions of this Order shall apply to (1) the Parties to this action, and (2) any person who agrees to be bound by the terms of this Order. As used herein, "Person" includes the named Parties and others who have agreed to be bound by this Order. The term "Parties" or "Party" refers to the named Parties in this action and their officers, employees, attorneys, agents and representatives.

3. One who provides, serves, discloses or files any nonpublic Material in connection with this action, and who reasonably and in good faith believes such Material contains trade secrets

4938591      1

or other confidential nonpublic technical, commercial, financial, personal or business information ("Designator"), may designate such Material as Confidential Material subject to this Protective Order. A Party may also designate as (and become the Designator of) Material that has been disclosed by a Person not a party to this action but which the Party has a reasonable good faith belief constitutes confidential or trade secret information of the Party or which is covered by a confidentiality agreement to which the Party is a party. As used herein, the term Confidential Material encompasses both Material that has been designated "CONFIDENTIAL" and Material that has been designated "CONFIDENTIAL-COUNSEL ONLY" as described below. The Party receiving Confidential Material hereunder is referred to as the "Non-Designating Party."

4. Confidential Material shall be subject to the following restrictions:

a. The Non-Designating Party may use Confidential Material only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not give, or otherwise disclose such Confidential Material to anyone except as provided herein.

b. Confidential Material that has been marked "CONFIDENTIAL" may be disclosed solely for the purposes set forth above, only to:

(i) Outside counsel of record for the Parties (including other outside law firms retained by outside counsel of record), in this action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action,

(ii) The Court and Court personnel;

(iii) The named Parties to this action who have executed this Order (through counsel) and employees, officers, directors and in-house counsel for parties who need

4938591

2

access to the Confidential Material to assist counsel in this action as well as secretarial and clerical personnel who work regularly with such person;

    (iv) Consultants, experts and translators retained for purposes of this action who have agreed to be bound by this Order, including their secretarial and clerical personnel retained to assist counsel of record;

    (v) Any person to whom the Designator agrees in writing, or orally on the record in the case of deposition or other testimony;

    (vi) Persons presently employed or retained by the Designator;

    (vii) Former employees or consultants of the Designator called as witnesses but only to the extent that such Materials referred to, relate or reflect events which occurred prior to or during those witnesses' employment, and provided further that disclosure under this subparagraph shall only occur during deposition or trial testimony;

    (viii) Court reporters and videographers hired in connection with this case;

    (ix) Support vendors or contractors retained by outside counsel of record for functions directly related to this lawsuit, such as copying, document management and graphic design; and

    (x) Such other persons as the Court may order upon application of Plaintiffs or Defendants.

   c. Confidential Material which the Designator reasonably believes to constitute particularly sensitive personal, proprietary, technical, financial, marketing, or other business information and trade secrets, or information the disclosure of which the Designator reasonably believes could result in physical or financial harm to a non-party, may be marked "CONFIDENTIAL-COUNSEL ONLY" by the Designator. Subject to the terms of this Order,

Material marked CONFIDENTIAL-COUNSEL ONLY shall only be disclosed to the persons identified in subparagraphs 4.b.(i), (ii), (iv), (v), (viii), (ix) and (x).

      d.      Only persons entitled to receive Material marked CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY may attend those portions of depositions at which testimony concerning and exhibits constituting such Confidential Material can reasonably be expected to be disclosed. Prior to any deposition witness who is not a person designated in paragraph 4 above being provided access to any Confidential Material during the course of the deposition, the deposition witness shall satisfy the provisions of paragraph 5 below.

      e.      The designation of Material as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY shall not itself affect the rights of the Designator (or the Designator's authorized representative) to give or disclose the Material to any person for any reason.

      5.      Each Person given access to Confidential Material pursuant to this Order, including counsel of record and others identified in subparagraphs 4.b.(i) and (iii), shall be advised that (1) the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof, and (2) that the violation of the terms of the Protective Order (by use of the Confidential Material for business purposes or in any other impermissible manner) will constitute contempt of a Court Order, and shall be provided with a copy of this Order. Persons identified in subparagraphs 4.b.(iv) through (x), who are to be given access to Confidential Material must first read the Order, and must execute an agreement, in the form attached hereto as Exhibit A, to be bound and consent to the jurisdiction of this Court for purposes of enforcement of this Order. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing.

      6.      Confidential Material shall be designated as follows:

4938591

4

a.  In the case of documents, designation shall be made by placing "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" on every page of the document prior to final production or in the case of documents produced in electronic form, by marking the exterior of the document file or storage device as will give notice that the documents contained therein are confidential. Documents may be produced for inspection before being marked. Once specific documents have been designated for duplication, any documents containing Confidential Material will then be marked with the appropriate designation before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are duplicated and marked confidential pursuant to this procedure.

b.  In the case of interrogatory answers, designation shall be made by placing the words "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" on each page of any such answer.

c.  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record at any time before the end of each day of deposition is concluded or by a statement in writing sent to counsel of record within five (5) business days after receipt of the certified transcript. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material is permitted under paragraph 4 shall remain present while Confidential Material is being used or discussed. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

7.  Should a Party desire to file Confidential Material (or any pleading, motion or memorandum referring to such Material) with the Court, that party shall move the Court pursuant to Local Rule 7.2 to file such Material under seal. All Material filed under seal pursuant to Court

4938591

5

order (Sealed Documents) shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and a general description of the sealed contents, and shall bear the following statement which shall also appear on the sealed envelope:

### CONFIDENTIAL

### THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT

or

### CONFIDENTIAL-COUNSEL ONLY

### THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT

The clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

8. No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any Party may at any time, on reasonable notice, move for relief from the provisions of this Order with respect to specific Material.

9. If any Party objects to the designation of Material as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY," that Party shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for a ruling from the Court. The Material at issue shall continue to be treated as designated until the Court orders otherwise.

10. Any Designator may, at any time, withdraw the "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" designation of any Confidential Material by that Designator.

11. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

12. Within thirty (30) days of the conclusion of this action, including any appeals, all items designated or reflecting Confidential Material and all copies of them, including all copies furnished to persons identified in paragraph 4.b. (except as provided herein with respect to documents reflecting privileged communication or attorney work product) shall be promptly returned by counsel for the Non-Designating Party to counsel for the Designator. To the extent that privileged communications or attorney work product contain Confidential Material, the Non-Designating Party may, in lieu of returning such items, destroy them and certify in writing to the Designator that such items have been destroyed. Notwithstanding the foregoing, counsel of record may retain any submissions to the Court, privileged communications or attorney work product containing Confidential Material, subject to the provisions of this Order, but such documents and information shall not be disclosed to anyone following the conclusion of this action without written permission of the Designator or court Order.

13. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such Material is subject to the attorney-client privilege or is protected from discovery as work product within the meaning of Fed.R.Civ.P. 26. No Party shall be held to have waived any rights by such inadvertent production. Any such inadvertently produced Material shall be returned by the receiving Party within three days of any written request therefor, unless the receiving Party challenges the privileged nature of the document(s), in which case the producing Party shall be entitled to make an application to the Court

for the return of the Material. Upon notification of inadvertent production, and while such application is pending, the receiving Party shall not use or divulge the contents of such Material except to the Court under seal.

14. Each Party, Designator and Person bound by this Order shall be entitled to move for modification of this stipulation and Order for good cause on notice to the Parties and any affected Designator. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

15. Persons or entities who are not Parties to this action may produce Materials subject to the confidentiality protections of this Order by agreeing in writing to be bound by the terms of this Order, providing written notice to the Parties of such agreement, and marking the Materials to be produced in accordance with this Order. In such an event, the producing Person or entity shall be considered to be the Designator, and the Parties hereto shall be considered the Non-Designating Parties.

16. Production or disclosure of Confidential Material under this Order shall neither prejudice the right of any Person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts, nor impair the right of any Party to raise or assert any defense or objection including, without limitation, defenses or objections to the discovery or production of documents, information, or testimony and to the use, relevance or admissibility of any evidence, whether or not comprised of Confidential Material governed by the terms of this Order.

17. The Parties hereto agree to be bound by this Agreement upon execution of the Agreement by both Parties, or any time prior thereto upon which the Parties agree. The Parties' agreement to be bound at a certain time shall not be affected in any way by any delay in execution and entry of the Agreement by the Court.

IT IS SO ORDERED

Date: March 13, 2008

_____
U.S. District Judge Douglas P. Woodlock

Seen and agreed:

_____
Elizabeth C. Koch (admitted *pro hac vice*)
Thomas Curley (admitted *pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth St., N.W.
Suite 800
Washington, D.C. 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888
E-mail: bkoch@lskslaw.com

DATE: 2-21-08

Jonathan M. Albano
Lisa E. Kirby
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8736
Email: jonathan.albano@bingham.com

Counsel for Defendants
Uncommon Productions, LLC
and William M. Haney, III

_____
Read K. McCaffrey (admitted *pro hac vice*)
Stephen Diaz Gavin (admitted *pro hac vice*)
Benjamin G. Chew (admitted *pro hac vice*)
PATTON BOGGS LLP
2550 M St, N.W.
Washington, DC 20037
Telephone: (202) 457-6015
Facsimile: (202) 457-6315
e-mail: bchew@pattonboggs.com

DATE: 2/21/08

Jessica Block
BLOCK & ROOS LLP
60 State Street, Suite 3800
Boston, MA 02109
Telephone: (617) 223-1900
Facsimile: (617) 227-1948
Email: block@blockroos.com

Counsel for Plaintiffs
Felipe Vicini Lluberes
and Juan Vicini Lluberes

4938591

9

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FATHER CHRISTOPHER HARTLEY,** | ) |
| Movant, | ) |
| v. | ) Civil Action No. 1:08-mc-00010-RJL |
| **FELIPE VICINI LLUBERES,** *et al.*, | ) |
| Respondents. | ) |

## ORDER

UPON CONSIDERATION of Plaintiffs/Respondents Felipe Vicini Lluberes' and Juan Vicini Lluberes' ("Respondents") Consent Motion for Permission to File Under Seal, and the record, it is this _____ day of April 2008:

ORDERED that the Motion is GRANTED; and it is

FURTHER ORDERED that Respondents' Supplemental Memorandum is accepted for filing Under Seal.

_____
The Honorable Richard J. Leon
UNITED STATES DISTRICT JUDGE

Dated: April ___, 2008

Copies to:

Sean M Hanifin, Esq.
ROSS DIXON & BELL LLP
2001 K Street, NW
Washington, DC  20006
Telephone:  (202) 662-2000
Facsimile:   (202) 662-2190
E-mail:        shanifin@rdblaw.com

*Counsel for Movant Father Christopher Hartley*

Elizabeth C. Koch, Esq.
LEVINE SULLIVAN KOCH & SHULTZ, LLP
1050 17th Street, NW
Suite 800
Washington, DC  20036
Telephone:  (202) 508-1100
Facsimile:   (202) 861-9888
E-mail:        bkoch@skslaw.com

*Counsel for Defendants in the Underlying Action*

Read K. McCaffrey, Esq.
Stephen Díaz Gavin, Esq.
Benjamin G. Chew, Esq. (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
E-mail:        bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and
Juan Vicini Lluberes*