IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FATHER CHRISTOPHER HARTLEY,<br><br>    Movant,<br><br>    v.<br><br>FELIPE VICINI LLUBERES, *et al.*,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:08-mc-00010-RJL<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS'/RESPONDENTS' MOTION FOR CLARIFICATION

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes (hereinafter, "Plaintiffs", or the "Vicinis"), by and through their undersigned counsel, pursuant to Local Rule 7, respectfully move this Honorable Court for clarification of the Court's Order of May 2, 2008 (the "May 2nd Order") which granted, in part, and denied, in part, Movant Father Christopher Hartley's ("Fr. Hartley") Motion to Quash Non-Party Subpoena.

Pursuant to Local Rule 7(m), Plaintiffs' counsel contacted Fr. Hartley's counsel prior to filing this Motion, to which Fr. Hartley refused to consent. A Memorandum of Points and Authorities and a proposed Order are attached for the Court's consideration.

Respectfully submitted,


/s/ Benjamin G. Chew
Read K. McCaffrey
Stephen Díaz Gavin
Benjamin G. Chew (DC Bar #418577)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
E-mail:       bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes*

Dated:  May 6, 2008

2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FATHER CHRISTOPHER HARTLEY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | Civil Action No. 1:08-mc-00010-RJL |
| ) | |
| **FELIPE VICINI LLUBERES, _et al.,_** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS'/RESPONDENTS' MOTION FOR CLARIFICATION

Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes ("Plaintiffs" or the "Vicinis"), by and through their undersigned counsel, pursuant to Local Rule 7, have moved this Honorable Court for clarification of its Order of May 2, 2008 (the "May 2nd Order") which granted, in part, and denied, in part, Father Christopher Hartley's Motion to Quash Non-Party Subpoena ("Motion"). In further support thereof, Plaintiffs, the Vicinis state as follows:

Plaintiffs do <u>not</u> move for reconsideration of the Court's May 2nd Order or its ruling that Fr. Hartley not be required to appear for deposition. Rather, Plaintiffs seek what they respectfully submit is necessary clarification[1] with respect to the scope of Fr. Hartley's "obligation to produce the documents subpoenaed." May 2nd Order. As the Court is aware, the Vicinis believe that Fr. Hartley waived any objections he may have had to producing documents responsive to the Subpoena _as a matter of law_ because he failed to serve his objections, as required by Fed.R.Civ.P.

---

[1] Though there is no specific rule in the Federal Rules of Civil Procedure or the Local Rules governing motions for clarification, the United States District Court for the District of Columbia has recognized and permitted motions to clarify court orders involving discovery issues and dispositive rulings. _See, e.g., Banks v. Office of the Senate Sergeant-at-Arms,_ 241 F.R.D. 376, 384-85 (D.D.C. 2007) (recognizing motion for clarification of a discovery order); _Peskoff v. Faber,_ 233 F.R.D. 207 (D.D.C. 2006) (same); _Oceana, Inc. v. Evans,_ 389 F.Supp.2d 4, 6 (D.D.C. 2005) (recognizing motion for clarification of order on summary judgment).

45(c)(2)(B), within fourteen (14) days of being served with the Subpoena on November 14, 2007.[2]

Accordingly, the Vicinis now ask the Court to issue an Order striking the Objections Fr. Hartley

belatedly served on January 4, 2008, and require him to produce all documents and information

responsive to the Subpoena by a date certain.

Fr. Hartley, however, has asserted—and continues to assert—that he may withhold large

volumes of responsive material from production subject to a laundry list of blanket objections he

served on January 4, 2008—fifty-two (52) days _after_ Scott Kucik of Capitol Process served the

Subpoena on him—and an additional two informal "follow-on" objections interposed in cover

letters to Fr. Hartley's piecemeal and still incomplete production of documents, which did not begin

until March 2008.  Based upon those objections, Fr. Hartley has withheld a large number of

otherwise responsive documents.  Moreover, of those documents that Fr. Hartley has produced,

dozens of pages are heavily redacted without explanation.  Nor has Fr. Hartley given the Vicinis any

date by which he proposes to complete his "rolling" production, despite Plaintiffs' repeated requests

that he do so.  With discovery closing on June 27, 2008, and with Fr. Hartley, who was to have been

Defendants' "star" witness but now refuses to appear, having provided some of the most relevant

and inculpatory documents in the case, the Vicinis believe that a production deadline is necessary.[3]

Therefore, the Vicinis respectfully request that the Court clarify the May 2nd Order and issue

an Order finding that (a) Scott Kucik of Capitol Process Services personally served the Subpoena on

Fr. Hartley on the afternoon of November 14, 2008, and (b) Fr. Hartley failed to serve his

Objections to the Subpoena within the time required by Rule 45(c)(2)(B), therefore waiving any

objections he may have had (including any on grounds of privilege), and further order that Fr.

---

[2] _See_ Plaintiffs' Opposition to Fr. Hartley's Motion to Quash Non-Party Subpoena at 8-9; Plaintiffs' Surreply at 5-6.

[3] Clarifying the Court's May 2nd Order to address the scope of Fr. Hartley's production obligation also would have the benefit of making a follow-on motion to compel the production of documents and information improperly withheld or redacted unnecessary. For example, it is apparent that Fr. Hartley has withheld a large number of communications from his production on grounds of privilege—which he has waived—including his e-mails with Eric Grunebaum, Defendant Uncommon Productions' producer and a material witness for the Defendant film makers in the defamation action.  _See_ Fr. Hartley's newly-produced privilege log, **Exhibit C.**

Hartley's written Objections served on January 4, 2008 are untimely and of no effect, and that he produce all documents responsive to the Subpoena not later than the close of business on Friday, May 30, 2008, including, but not limited to, all documents and information previously withheld or redacted by Fr. Hartley on grounds of the attorney-client privilege and/or the attorney work product doctrine.

## I.    Father Hartley Has Withheld Substantial Volumes of Responsive Material

Scott Kucik of Capitol Process Services, Inc. personally served the Subpoena on Fr. Hartley on November 14, 2007, and Fr. Hartley failed to serve his objections to the document requests in the Subpoena until January 4, 2008, when he filed his Motion to Quash. *See* Plaintiffs' Opposition to Fr. Hartley's Motion to Quash ("Opp. Mem.") at 5-8, including the Affidavit of Scott Kucik (Opp., Ex. A).[4]

After initially refusing to produce any documents in response to the Subpoena, Fr. Hartley began voluntarily producing documents "subject to" his untimely objections starting in March 2008. *See* Fr. Hartley's Reply in Further Support of Motion to Quash Non-Party Subpoena ("Reply") at 1 ("Father Hartley will agree to produce [the subpoenaed] documents requested by that Subpoena subject to the objections that Father Hartley served on Respondents on January 4, 2008 and any appropriate assertions of applicable privileges."). To date, Fr. Hartley has made ten productions on a rolling basis, including the latest on May 2, 2008. Fr. Hartley's production includes approximately thirty eight hundred (3,800) pages. However, the vast majority—e-mails from Fr. Hartley's

---

[4] The record is clear that Fr. Hartley was not truthful about being served by Mr. Kucik. In his Opposition, Fr. Hartley testified in his first Declaration that he had been with CNN's Joe Johns at the time and that Mr. Kucik did not at any time approach him or show him the Subpoena. *See* Motion to Quash, Hartley Decl. at ¶¶ 7-9. The Vicinis thereafter submitted a Declaration from Joe Johns in which he confirmed that he had been with Fr. Hartley at the time but contradicting Fr. Hartley's testimony as to service, that is, he clearly and unequivocally confirmed Mr. Kucik's testimony that he in fact did approach Fr. Hartley, showed him the Subpoena, told him what it was and laid it at Fr. Hartley's feet when he refused to take it in his hands. Documents produced by Fr. Hartley both before and since the Court heard argument on the Motion to Quash show that, prior to his trip to Washington, D.C., in November 2007, Fr. Hartley: (a) knew that he could be served with a subpoena; but (b) had decided, in advance, in consultations with a Dominican attorney that it would not be a good idea for him to testify in the underlying defamation action. Fr. Hartley's motive to falsely deny under oath that he was served is clear: Fr. Hartley, who the Church expelled from the Dominican Republic for "serious offenses," had already decided that he did not want to testify.

computer—have some form of redaction. Indeed, Fr. Hartley's piecemeal, selective production to date makes clear that additional responsive materials exist and are being withheld. For example, Fr. Hartley has produced no correspondence whatsoever between him and Defendant film maker Haney, and only part of his correspondence with Defendants' Producer Eric Grunebaum, most of which is heavily redacted.

Moreover, the objections that Fr. Hartley belatedly served on January 4, 2008 failed to identify what specific objections applied to which requests. Instead, the purported objections consisted of sixteen blanket or "boilerplate" objections including, *inter alia*, that Fr. Hartley was not served with the Subpoena (which now is moot in light of the Court's May 2nd Order), that Plaintiffs issued the Subpoena to harass Fr. Hartley despite his central role as Plaintiffs' primary accuser in *The Price of Sugar*, that the materials sought are subject to various privileges and may or may not be confidential and/or proprietary, and that the requests generally contain ambiguous terms (even though the allegedly "ambiguous" terms are never identified). Fr. Hartley's Objections to Plaintiffs' Deposition Subpoena *Duces Tecum* dated January 4, 2008 ("Objections"). **Exhibit A.**

In the cover letter dated May, 2, 2008, to Fr. Hartley's latest production, Fr. Hartley's counsel continues to assert that "production is made subject to all of the terms, conditions and objections contained in (1) Father Hartley's January 4, 2008 Objections to the Subpoena, (2) the March 7, 2008 cover letter to Father Hartley's first production of documents and (3) all papers in support of Father Hartley's January 4, 2008 Motion to Quash the Subpoena." **Exhibit B.** Via email on the afternoon of May 6, 2008, in response to Plaintiffs' counsel's demand that Fr. Hartley produce all responsive documents by a date certain (Friday, May 16, 2008) and provide a privilege log, Fr. Hartley's counsel further states, quoting from his May 2, 2008 letter, that "Father Hartley has produced all non-privileged, responsive documents identified to date. Father Hartley will supplement his document production as, and if, appropriate." **Exhibit C.** Fr. Hartley also

produced his first privilege log attached to his counsel's May 6 email, which clearly shows that Fr. Hartley has been withholding a large number of documents on grounds of the attorney-client privilege and an alleged "common interest privilege," including communications with Defendant Uncommon Productions' producer, Eric Grunebaum. *Id.*

With fact discovery in Plaintiffs' underlying defamation case required to be concluded on or before June 27, 2008, Plaintiffs' time for obtaining Fr. Hartley's full compliance with his production obligations in the Subpoena is running short.

## II.    Father Hartley Waived Any Objections He May Have Had as a Matter of Law by Not Timely Filing Them

Fr. Hartley should not be permitted to limit his production of documents "subject to" the untimely blanket Objections he served on January 4, 2008, or any subsequent objections he may have interposed informally in letters to counsel. The Vicinis respectfully submit that the court should find that Fr. Hartley waived any objections he may have had as a matter of law by failing to file them within fourteen (14) days of being served with the Subpoena.

Rule 45(c)(2)(B) expressly requires that objections to subpoenaed documents "must be served before the earlier of the time specified for compliance or 14 days after the Subpoena is served." Fr. Hartley therefore had to serve any objections he may have had to the Subpoena by no later than November 28, 2007, specifically including any objection on grounds of privilege. *See Tuite v. Henry*, 98 F.3d 1411, 1416-1417 (D.C. Cir. 1996) ("In our view, a party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by Rule 45(c)(2)(B)."); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (same, citing *Tuite*).

Instead, Fr. Hartley waited until January 4, 2008—*52 days after* service of the Subpoena—to serve his Objections. "'The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections.'" *Alexander v. F.B.I.*,

186 F.R.D. 21, 34 (D.D.C. 1998) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)). Fr. Hartley therefore waived any objections he may have had to the Subpoena when he failed to serve them by November 28, 2007, including any objections on grounds of privilege. Moreover, he failed to provide *any* excuse to the Court for delaying service of his Objections by 52 days.[5]

### III.    Fr. Hartley's Untimely Objections Also Were Deficient

In addition to being untimely, the blanket and "boilerplate" Objections that Fr. Hartley did assert were invalid because they failed to put Plaintiffs on notice of Fr. Hartley's specific objections to each one of Plaintiffs' document requests in the Subpoena. Ex. C. Fr. Hartley's failure to produce a privilege log until today, May 6, 2008, also has made it difficult for Plaintiffs to ascertain what documents and information Fr. Hartley has withheld from production, and the reasons why. It now is apparent, based upon the privilege log that Fr. Hartley just produced, **Exhibit C**, that Fr. Hartley has withheld a large volume of documents on grounds of privilege, which he had waived, including many communications with Defendant Uncommon Productions' producer, Eric Grunebaum.[6]

Given the discovery cut-off date of June 27, 2008, and that Fr. Hartley has not committed to any end date for his document production, Plaintiffs respectfully request that Fr. Hartley be required to produce all documents and information responsive to the Subpoena by a date certain within at least one month of the discovery cut-off. Accordingly, Plaintiffs would propose that Fr. Hartley be ordered to complete his document production by no later than May 30, 2008.

---

[5] Fr. Hartley neither provided the Court with an explanation why he waited for so long to serve his Objections, nor even attempted to establish what, if any, "unusual circumstances" existed such that the Court could consider excusing his untimely service of the Objections. *See Alexander*, 186 F.R.D. at 34 (enumerating the "unusual circumstances" in which courts may excuse untimely objections to a subpoena).

[6] Upon Plaintiffs' initial review of Fr. Hartley's privilege log, **Exhibit C**, it appears that the log omits a large number of the documents produced that contain redactions, including emails between Fr. Hartley and Mr. Grunebaum that Fr. Hartley subsequently forwarded to third parties.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a supplemental

Order to clarify the scope of Fr. Hartley's production obligations referenced in the May 2nd Order,

finding that:

> A.     Scott Kucik of Capitol Process Services, Inc., personally
> served the Subpoena on Fr. Hartley on the afternoon of November
> 14, 2008, in accordance with Rule 45(b) of the Federal Rules of Civil
> Procedure; and
>
> B.     Fr. Hartley failed to serve his Objections to the Subpoena
> within the time required by Rule 45(c)(2)(B), and therefore waived
> any objections he has or may have had to the Subpoena.

And further order that:

> 1.     Plaintiffs' Motion for Clarification be GRANTED;
>
> 2.     Fr. Hartley's written Objections served on the Plaintiffs on
> January 4, 2008, are untimely and of no effect; and
>
> 3.     Fr. Hartley shall produce all documents responsive to the
> Subpoena not later than the close of business on Friday, May 30,
> 2008, including, but not limited to, all documents and information
> previously withheld or redacted by Fr. Hartley on grounds of the
> attorney-client privilege and/or the attorney work product doctrine.

7

A proposed Order including the above language is submitted herewith for the Court's consideration as **Exhibit D**.

Respectfully submitted,

/s/ Benjamin G. Chew
Read K. McCaffrey, Esq.
Stephen Díaz Gavin, Esq.
Benjamin G. Chew, Esq. (D.C. Bar #418577)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC  20037
Telephone:  (202) 457-6000
Facsimile:    (202) 457-6315
E-mail:       bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and Juan Vicini Lluberes*

Dated:  May 6, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May, 2008, I sent via email and First Class

Mail, postage prepaid, the foregoing Motion for Clarification, Memorandum in Support thereof, and

proposed Order, to the following:

Sean M Hanifin, Esq.
ROSS DIXON & BELL LLP
2001 K Street, NW
Washington, DC  20006
Telephone:  (202) 662-2000
Facsimile:    (202) 662-2190
E-mail:        shanifin@rdblaw.com

*Counsel for Father Christopher Hartley*

Elizabeth C. Koch, Esq.
LEVINE SULLIVAN KOCH & SHULTZ, LLP
1050 17th Street, NW
Suite 800
Washington, DC  20036
Telephone:  (202) 508-1100
Facsimile:    (202) 861-9888
E-mail:        ekoch@lskslaw.com

*Counsel for Defendants William Haney and Uncommon
Productions LLC*

/s/ Benjamin G. Chew
Benjamin G. Chew, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FELIPE VICINI LLUBERES, ET AL.,

         Plaintiffs,

     v.

UNCOMMON PRODUCTIONS, LLC, ET AL.,

         Defendants.

Civil Action No. 07-11623 (D. Mass.)



**NON-PARTY FATHER CHRISTOPHER HARTLEY'S OBJECTIONS TO
PLAINTIFFS' DEPOSITION SUBPOENA *DUCES TECUM***

Non-party Father Christopher Hartley ("Father Hartley") by and through his attorneys, Ross, Dixon & Bell, LLP, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby states his Objections to Plaintiffs Felipe Vicini Lluberes' and Juan Vicini Lluberes' (collectively, "Plaintiffs") Deposition Subpoena *Duces Tecum* to him.

**OBJECTIONS**

Father Hartley hereby objects to Plaintiffs' Deposition Subpoena *Duces Tecum* subject to the following objections, without waiving and expressly preserving all such objections:

    1.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that the subpoena was not served on Father Hartley in accordance with Federal Rules of Civil Procedure.

    2.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that notice of the subpoena was not properly and timely served upon all parties to this action as required by the Federal Rules of Civil Procedure.

3.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that Plaintiffs have failed to comply with Federal Rules of Civil Procedure 30(a)(2) and 30(b).

4.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that Plaintiffs have failed to comply with Federal Rule of Civil Procedure 45(b).

5.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that, as filed and served by Plaintiffs, the Subpoena *Duces Tecum* fails to include the required wording of Federal Rules of Civil Procedure 45(c) and (d).

6.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent that it was issued for improper purposes, or to harass, or with the intent to cause undue burden.

7.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information that is protected by the attorney-client privilege, attorney work product doctrine, the common interest doctrine or any other privilege, doctrine or rule.

8.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent that it seeks documents or would require the disclosure of information that is protected by the priest-penitent privilege or other religious or pastoral privileges.

9.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent its document requests are overbroad, vague and/or ambiguous, or seek documents that are unrelated to the matters at issue in the underlying action and are not reasonably calculated to lead to the discovery of admissible evidence.

2

10.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent that particular document requests, or any words or terms used therein, are vague, ambiguous, subject to different interpretations, require knowledge of persons or parties other than Father Hartley, or involve issues of law subject to resolution by the Court.

11.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information that is proprietary and/or confidential in nature, including but not limited to, documents or information concerning third-parties in the Dominican Republic potentially subject to labor and/or human rights abuses.

12.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information outside of the possession, custody or control of Father Hartley.

13.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information as easily available to Plaintiffs as they are to Father Hartley.

14.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum*, including the Instructions and Definitions, to the extent it purports to impose discovery obligations beyond those established by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

15.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum*, including the Instructions and Definitions, to the extent it purports to define words or phrases in a manner different than their ordinary use.

16.    Father Hartley reserves the right to supplement his objections to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent necessary and appropriate.

Respectfully submitted,

Dated: January 4, 2008

By: _____

Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040
Telephone:   (202) 662-2000
Facsimile:    (202) 662-2190

Attorneys for Non-Party Father Christopher
Hartley

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2008, a copy of the foregoing, Non-Party

Father Christopher Hartley's Objections to Plaintiffs Felipe Vicini Lluberes' and Juan Vicini

Lluberes' Deposition Subpoena *Duces Tecum*, was served via first class mail on the following

counsel of record:

Read K. McCaffrey
Stephen Diaz Gavin
Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037

*Attorneys for Plaintiffs*

Elizabeth C. Koch
LEVINE SULLIVAN KOCH & SCHULTZ, LLP
1050 17th Street N.W.
Suite 800
Washington, D.C. 20036

*Attorneys for Defendants*

_____

Sean M. Hanifin
Attorneys for Non-Party Father Christopher Hartley

362689 v 1

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

**SEAN M. HANIFIN**
DIRECT DIAL  (202) 662-2026
EMAIL: SHANIFIN@RDBLAW.COM

**JIMMY ROCK**
DIRECT DIAL  (202) 662-2056
EMAIL  JROCK@RDBLAW.COM

May 2, 2008

<u>**VIA E-MAIL AND FEDEX**</u>

Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037

     Re:    *<u>Hartley v. Lluberes, et al</u>, <u>Civil No. 1:08-mc-00010 (D.D.C.)</u>*

Dear Ben:

     Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the agreement of the parties in the above-referenced matter, enclosed you will find Father Hartley's tenth production of documents in response to Felipe Vicini Lluberes' and Juan Vicini Lluberes' Deposition Subpoena *Duces Tecum*, dated November 14, 2007 (hereafter, the "Subpoena."). This production is made subject to all of the terms, conditions and objections contained in (1) Father Hartley's January 4, 2008 Objections to the Subpoena, (2) the March 7, 2008 cover letter to Father Hartley's first production of documents and (3) all papers in support of Father Hartley's January 4, 2008 Motion to Quash the Subpoena. As with previous productions, we have designated portions of this production as subject to the terms of the governing Protective Order

     Pursuant to Rule 45(1)(A), we have organized this production according to the categories contained in the Subpoena. Because of the breadth of those categories, many documents fit into more than one category. We have not identified every category into which a document might fit, but have instead placed documents in this production into the category which, in our judgment, they primarily belong. The following chart contains our organization of this production:

| Subpoena Category | Bates Range |
|:---:|:---:|
| 2 | CH003006;<br>CH003871 – CH003894 |
| 24 | CH003007 – CH003013 |
| 16 | CH003014 – CH003021 |
| 10 | CH003022 – CH003034 |
| 20 | CH003035 – CH003071 |

WASHINGTON • ORANGE COUNTY • SAN DIEGO • CHICAGO

# ROSS, DIXON & BELL, LLP

Benjamin G. Chew
May 2, 2008
Page 2

| Subpoena Category | Bates Range |
|---|---|
| 5 | CH003072 – CH003392 |
| 18 | CH003393 – CH003593; CH003808 – CH003870 |
| 19 | CH003594 – CH003807 |

Consistent with all of the above objections, Father Hartley has produced all non-privileged, responsive documents identified to date.  Father Hartley will supplement his document production as, and if, appropriate.

Sincerely,

ROSS, DIXON & BELL, LLP

By _____
Sean M. Hanifin
Jimmy R. Rock

SMH/JR:cam

cc:    Elizabeth Koch, Esq. (w/ enclosure)
366116 v 1



Microsoft Word -
7%lb01!.DOC.p...

-----Original Message-----
From: Jimmy Rock [mailto:jrock@rdblaw.com]
Sent: Tuesday, May 06, 2008 3:41 PM
To: Chew, Benjamin
Cc: Sean Hanifin; Elizabeth Koch
Subject: Fr. Hartley's Response to the Subpoena

Ben:

I write in response to your May 4, 2008 e-mail.

First, attached please find Father Hartley's privilege log.

Second, as stated in our May 2, 2008 cover letter to Father Hartley's
tenth production of documents, "Father Hartley has produced all
non-privileged, responsive documents identified to date.  Father Hartley
will supplement his document production as, and if, appropriate."

If you have any further questions about Father Hartley's document
production, please don't hesitate to call me or Sean to discuss.

Best regards,

Jimmy R. Rock
Ross, Dixon & Bell, L.L.P.
2001 K Street, N.W.
Washington, D.C. 20006-1040
202.662.2056 (direct)
202.662.2190 (fax)
http://www.rdblaw.com/jrock/




-----Original Message-----
From: Chew, Benjamin [mailto:bchew@PattonBoggs.com]
Sent: Sunday, May 04, 2008 2:35 PM
To: Sean Hanifin
Cc: Jimmy Rock
Subject: Fr. Hartley's Response to the Subpoena

1

Dear Sean:

Hope that you are well.

As you know, by Order dated May 2, 2008, the Honorable Richard J. Leon
GRANTED in part (with respect to Father. Hartley's obligation to appear
for deposition) and DENIED in part (with respect to Fr. Hartley's
obligation to produce the documents subpoenaed) Fr. Hartley's Motion to
Quash. As to the latter, prior to issuance of the Court Order, Fr.
Hartley, pursuant to the cover letters accompanying each installment of
documents, has been making production:

"subject to all of the terms , conditions and objections contained in
(1) Father Hartley's January 4, 2008 Objections to the Subpoena (2) the
March 7, 2008 cover letter to Father Hartley's first production of
documents and (3) all papers in support of Father Hartley's January 4,
2008 Motion to Quash the Subpoena".

Moreover, Fr. Hartley has withheld an undisclosed volume of responsive
documents and redacted many others based on unspecified objections
and/or claims of privilege. In response to our frequent inquires, your
colleague Mr. Rock stated on April 1 (one month prior to the Court's
ruling): "As to Father Hartley's privilege log, I do not know yet when
we will produce it." We have heard nothing on that subject from him or
you since that time. Nor has Fr. Hartley committed to any end date for
his production of documents. Given the imminent June 27 discovery
deadline (and the fact that the Subpoena was served on Fr. Hartley
almost six months ago). Fr. Hartley's lack of commitment to a date
certain is unreasonable, especially in light of the Court's Order with
respect to his obligation to produce responsive documents.

Scott Kucik of Capitol Process Services properly served Fr. Hartley in
the presence of CNN's Joe Johns on November 14, 2007. By failing to
submit any objections within fourteen (14) days as required by Rule 45
(c) (2) (B) of the Rules of Federal Civil Procedure, Fr. Hartley waived
any and all objections (including attorney-client privilege) to the
document portion of the Subpoena.  Indeed, you have repeatedly conceded
that Fr. Hartley waited until January 4, 2008, more than one month after
the November 28, 2007 deadline, to submit his untimely Objections.

Accordingly, Plaintiffs request that you let us know by no later than
5:00 p.m. this Tuesday, May 6 whether Fr. Hartley will agree to produce
by no later than Friday, May 16, 2008  all documents responsive to the
Subpoena, including those that have been previously withheld from
discovery on the basis of Fr. Hartley's untimely Objections (including
any and all claims of privilege and/or attorney work product) and
including complete, unredacted versions of the documents previously
produced only in redacted form. If you do not respond affirmatively by
close of business Tuesday, Plaintiffs will have no choice but to seek
appropriate relief from the Court.

We look forward to your prompt response.

Very truly yours,

Ben

DISCLAIMER:
This e-mail message contains confidential, privileged information
intended solely for the addressee.  Please do not read, copy, or
disseminate it unless you are the addressee.  If you have received it in
error, please call us (collect) at (202) 457-6000 and ask to speak with

the message sender.  Also, we would appreciate your forwarding the
message back to us and deleting it from your system.  Thank you.

This e-mail and all other electronic (including voice) communications
from the sender's firm are for informational purposes only.  No such
communication is intended by the sender to constitute either an
electronic record or an electronic signature, or to constitute any
agreement by the sender to conduct a transaction by electronic means.
Any such intention or agreement is hereby expressly disclaimed unless
otherwise specifically indicated.  To learn more about our firm, please
visit our website at http://www.pattonboggs.com.

*Father Christopher Hartley v. Felipe Vicini Lluberes, et al.*
United States District Court for the District of Columbia – Civil Action No. 1:08-mc-00010-RJL

## PRIVILEGE LOG

| BATES # | DATE | AUTHOR(S) | RECIPIENT(S) | PRIVILEGES | DOCUMENT DESCRIPTION |
|---------|------|-----------|--------------|------------|----------------------|
| CH001203 | 5/14/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email |
| CH001207 | 5/15/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email |
| CH001209-CH001210 | 5/22/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001211-CH001212 | 5/22/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001218-CH001219 | 5/22/07 | Christopher Hartley | Eric Grunebaum | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001220-CH001221 | 5/23/07 | Christopher Hartley | Eric Grunebaum | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001222-CH001225 | 5/23/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001226-CH001228 | 5/23/07 | Christopher Hartley | Eric Grunebaum | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001229-CH001231 | 5/23/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001232-CH001234 | 5/23/07 | Christopher Hartley | Eric Grunebaum | Attorney-Client/Common Interest Privilege | Email Chain |
| CH001237 | 5/25/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email |
| CH001275 | 10/24/07 | Christopher Hartley | Eric Grunebaum | Attorney-Client/Common Interest Privilege | Email |
| CH001350 | 11/7/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common | Email |

366239 v 1

| BATES# | DATE | AUTHOR(S) | RECIPIENT(S) | PRIVILEGES | DOCUMENT DESCRIPTION |
|--------|------|-----------|--------------|------------|----------------------|
| CH001392 | 11/16/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email |
| CH001393 | 11/16/07 | Christopher Hartley | Eric Grunebaum | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003808-CH003809 | 10/15/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email |
| CH003821-CH003822 | 10/16/07 | Manuela Castro | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email |
| CH003823-CH003825 | 10/16/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003826-CH003828 | 10/17/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003829-CH003830 | 10/17/07 | Manuela Castro | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003831-CH003833 | 11/6/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email |
| CH003834 | 10/13/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email |
| CH003835-CH003836 | 1/16/06 | Manuela Castro | parr.sanjose@verizon.net.do | Attorney-Client/Common Interest Privilege | Email |
| CH003837-CH003838 | 1/8/06 | Manuela Castro | parr.sanjose@verizon.net.do | Attorney-Client/Common Interest Privilege | Email |
| CH003866 | 11/6/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003867-CH003870 | 7/17/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003871-CH003873 | 10/18/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003874-CH003875 | 10/17/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003876- | 10/17/07 | Manuela Castro | Christopher Hartley | Attorney-Client/Common | Email Chain |

366239 v 1

| BATES # | DATE | AUTHOR(S) | RECIPIENT(S) | PRIVILEGES | DOCUMENT DESCRIPTION |
|---|---|---|---|---|---|
| CH003877 | | | | Interest Privilege | |
| CH003878-CH003879 | 10/17/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003880-CH003882 | 10/18/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003883-CH003885 | 10/17/07 | Eric Grunebaum | Christopher Hartley | Attorney-Client/Common Interest Privilege | Email |
| CH003886-CH003888 | 10/17/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003889-CH3890 | 10/17/07 | Christopher Hartley | Manuela Castro | Attorney-Client/Common Interest Privilege | Email Chain |
| CH003891-CH003894 | 9/25/07 | - - | - - | Attorney-Client/Common Interest Privilege | Draft of Website Update |

366239 v 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

———————————————————————— )
                                                )
**FATHER CHRISTOPHER HARTLEY,**                 )
                                                )
              **Movant,**                       )
                                                )
       v.                                       )      **Civil Action No. 1:08-mc-00010-RJL**
                                                )
**FELIPE VICINI LLUBERES,** *et al.,*           )
                                                )
              **Respondents.**                  )
                                                )
———————————————————————— )

## ORDER

UPON CONSIDERATION of Plaintiffs/Respondents Felipe Vicini Lluberes' and Juan

Vicini Lluberes' ("Plaintiffs" or the "Vicinis") Motion for Clarification of the Court's Order of May

2, 2008 (the "May 2nd Order") granting, in part, and denying, in part, Father Christopher Hartley's

("Fr. Hartley") Motion to Quash Non-Party Subpoena ("Motion for Clarification"), any opposition

thereto, and the argument of counsel and the record, the Court hereby clarifies its May 2nd Order

with the following FINDINGS:

A.      Scott Kucik of Capitol Process Services, Inc., personally served the Subpoena on Fr.

Hartley on the afternoon of November 14, 2008, in accordance with Rule 45(b) of the Federal Rules

of Civil Procedure (the "Rules"); and

B.      Fr. Hartley failed to serve his Objections to the Subpoena within the time required

by Rule 45(c)(2)(B), and therefore waived any objections he has or may have had to the Subpoena.

Further to the Court's May 2nd Order, the Court hereby ORDERS as follows:

1.      Plaintiffs' Motion for Clarification is GRANTED;

2.      Fr. Hartley's written Objections served on the Plaintiffs on January 4, 2008, are

untimely and of no effect; and

3.      Fr. Hartley shall produce all documents responsive to the Subpoena not later than the close of business on Friday, May 30, 2008, including, but not limited to, all documents and information previously withheld or redacted by Fr. Hartley on grounds of the attorney-client privilege and/or the attorney work product doctrine.

_____

The Honorable Richard J. Leon
UNITED STATES DISTRICT COURT JUDGE

Dated:  May \_\_\_, 2008

Copies to:

Sean M Hanifin, Esq.
ROSS DIXON & BELL LLP
2001 K Street, NW
Washington, DC  20006
Telephone:  (202) 662-2000
Facsimile:   (202) 662-2190
E-mail:       shanifin@rdblaw.com

*Counsel for Movant Father Christopher Hartley*

Elizabeth C. Koch, Esq.
LEVINE SULLIVAN KOCH & SHULTZ, LLP
1050 17th Street, NW
Suite 800
Washington, DC  20036
Telephone:  (202) 508-1100
Facsimile:   (202) 861-9888
E-mail:       ekoch@lskslaw.com

*Counsel for Defendants in the Underlying Action*

Read K. McCaffrey
Stephen Díaz Gavin
Benjamin G. Chew (DC Bar #418577)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
E-mail:       bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and
Juan Vicini Lluberes*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

———————————————————————

| | |
|---|---|
| **FATHER CHRISTOPHER HARTLEY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:08-mc-00010-RJL** |
| ) | |
| **FELIPE VICINI LLUBERES,** *et al.,* ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

———————————————————————  )

## ORDER

UPON CONSIDERATION of Plaintiffs/Respondents Felipe Vicini Lluberes' and Juan Vicini Lluberes' ("Plaintiffs" or the "Vicinis") Motion for Clarification of the Court's Order of May 2, 2008 (the "May 2nd Order") granting, in part, and denying, in part, Father Christopher Hartley's ("Fr. Hartley") Motion to Quash Non-Party Subpoena ("Motion for Clarification"), any opposition thereto, and the argument of counsel and the record, the Court hereby clarifies its May 2nd Order with the following FINDINGS:

A.      Scott Kucik of Capitol Process Services, Inc., personally served the Subpoena on Fr. Hartley on the afternoon of November 14, 2008, in accordance with Rule 45(b) of the Federal Rules of Civil Procedure (the "Rules"); and

B.      Fr. Hartley failed to serve his Objections to the Subpoena within the time required by Rule 45(c)(2)(B), and therefore waived any objections he has or may have had to the Subpoena.

Further to the Court's May 2nd Order, the Court hereby ORDERS as follows:

1.      Plaintiffs' Motion for Clarification is GRANTED;

2.      Fr. Hartley's written Objections served on the Plaintiffs on January 4, 2008, are untimely and of no effect; and

3.       Fr. Hartley shall produce all documents responsive to the Subpoena not later than the close of business on Friday, May 30, 2008, including, but not limited to, all documents and information previously withheld or redacted by Fr. Hartley on grounds of the attorney-client privilege and/or the attorney work product doctrine.

_____
The Honorable Richard J. Leon
UNITED STATES DISTRICT COURT JUDGE

Dated:  May \_\_\_, 2008

Copies to:

Sean M Hanifin, Esq.
ROSS DIXON & BELL LLP
2001 K Street, NW
Washington, DC  20006
Telephone:  (202) 662-2000
Facsimile:   (202) 662-2190
E-mail:      shanifin@rdblaw.com

*Counsel for Movant Father Christopher Hartley*

Elizabeth C. Koch, Esq.
LEVINE SULLIVAN KOCH & SHULTZ, LLP
1050 17th Street, NW
Suite 800
Washington, DC  20036
Telephone:  (202) 508-1100
Facsimile:   (202) 861-9888
E-mail:      ekoch@lskslaw.com

*Counsel for Defendants in the Underlying Action*

Read K. McCaffrey
Stephen Díaz Gavin
Benjamin G. Chew (DC Bar #418577)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
E-mail:      bchew@pattonboggs.com

*Counsel for Plaintiffs/Respondents Felipe Vicini Lluberes and*
*Juan Vicini Lluberes*