## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATHER CHRISTOPHER HARTLEY<br><br>           Movant,<br><br>      v.<br><br>FELIPE VICINI LLUBERES, *et al.*,<br><br>           Respondents. | Civil Action No. 1:08-mc-00010-RJL |

## OPPOSITION TO PLAINTIFFS'/RESPONDENTS'
## MOTION FOR CLARIFICATION

### INTRODUCTION

Father Christopher Hartley, through counsel, hereby offers the following points in opposition to Plaintiffs'/Respondents' Motion for Clarification. This is a miscellaneous action before this Court on Father Hartley's Motion to Quash a third-party deposition subpoena *duces tecum* issued to him by Respondents. On May 2, 2008, this Court quashed that Subpoena in part. Now, in a Motion for Clarification, Respondents improperly seek to have the Court decide discovery-related issues that should be presented – if at all – through a separate Motion to Compel. As such, the issues presented in Respondents' Motion are improperly before the Court and, in any event, are without merit. Accordingly, Father Hartley respectfully requests the Court deny Respondents' Motion for Clarification.

**ARGUMENT**

A.    **The Court's May 2, 2008 Order Is In Need Of No Clarification.**

This miscellaneous action relates solely to a Motion to Quash by Father Hartley. Specifically, on January 4, 2008, Father Hartley filed a motion to quash the third-party deposition subpoena *duces tecum* (the "Subpoena") issued to him by Plaintiffs/Respondents in connection with an underlying litigation pending in the United States District Court for the District of Massachusetts.  In that Motion, Father Hartley sought to quash the Subpoena in two respects: (1) the Subpoena's command that Father Hartley produce documents and (2) its requirement that Father Hartley appear for his deposition in the District of Columbia.  In an Order dated May 2, 2008, the Court granted Father Hartley's Motion as it related to the taking of his deposition.  With respect to the subpoenaed documents, Father Hartley agreed to produce non-privileged responsive documents, and has done so.  Accordingly, the Court's May 2, 2008 Order denied this portion of Father Hartley's original Motion to quash and ordered Father Hartley to produce the requested documents. *See* Ex. A (Order dated May 2, 2008).

Respondents' May 6, 2008 Motion for Clarification does not in fact seek clarification of the Court's Order.  It is instead a shadow Motion to Compel, seeking from the Court an order requiring Father Hartley to produce privileged documents as well as those to which he has interposed an objection, and setting, by Court order, a deadline for the completion of Father Hartley's document production. (As explained below, none of these requests has any legal merit.)  When similar issues were raised during the April 3, 2008 hearing on Father Hartley's Motion to Quash, the Court noted that such issues required a Motion to Compel – a Motion that was not before the Court.  This remains true now.  If Respondents wish to challenge the completeness of Father Hartley's response to the Subpoena, they should comply with the rules concerning discovery disputes and, if warranted, file an appropriate Motion.  The Court should

-2-

reject Respondents' attempt to bypass the rules and bootstrap their alleged discovery disputes onto Father Hartley's Motion to Quash.

**B.    Any Delay In Father Hartley's Objections Should Be Excused Based On Respondents' Failure To Comply With The Rules.**

In any event, even were the issues raised in Respondents' Motion for Clarification properly before the Court, the relief Respondents request is without any legal basis. First, Respondents seek an order that Father Hartley's objections (including those on the basis of applicable privileges) to the Subpoena were untimely and therefore were waived. As the normal rule, a person served with a subpoena *duces tecum* must serve any objections to that subpoena within fourteen days after the subpoena is served. *See* Fed. R. Civ. P. 45(c)(2)(B). However, this is not a strict rule, so that "[i]n unusual circumstances and for good cause ... the failure to act timely will not bar consideration of objections." *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998). This case presents exactly the type of "unusual circumstances." Specifically, Father Hartley's failure to serve objections within fourteen days of alleged service of the Subpoena is attributable primarily to the actions of Respondents, as explained below.

Federal Rule of Civil Procedure 45(b)(1) requires a party issuing a subpoena to provide "prior notice [to] . . . each party in the manner prescribed by Rule 5(b)." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F. Supp. 2d 913, 928 (N.D. Ill. 2007). Indeed, "[w]ithout question, Rule 45(b)(1) requires a party issuing a subpoena for the production of documents to a non-party to 'provide prior notice to all [other] parties to the litigation.'" *Murphy v. Board of Educ.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (sanctioning counsel for serving third-party subpoenas without prior notice to other parties to litigation) (citation omitted). Here then, the Rules required Respondents to provide counsel for Uncommon Productions and William Haney, defendants in the underlying defamation action, prior notice

that they intended to serve a subpoena for the production of documents on Father Hartley, a

third-party to the case. Respondents never provided such notice. This failure becomes important

because of the manner in which Father Hartley was allegedly served with the Subpoena.

The affidavit of service to Respondents' Subpoena states that the Subpoena was served

on Father Hartley in the early evening of November 14, 2007. *See* Ex. B (Affidavit of service).

As the Court is aware, Respondents and Father Hartley have differing positions as to the details

of that alleged service. However, both Respondents and Father Hartley agree that Father Hartley

did not take physical possession of any documents or the Subpoena on November 14, 2007 and

therefore was unaware of its contents.

Defendants were also unaware of the contents of the Subpoena because Respondents did

not provide the required advance notice that they intended to attempt to serve a third-party

subpoena on Father Hartley. Nor did Respondents attempt to timely remedy this failure by

promptly serving the Subpoena and process server's affidavit on defense counsel. Instead, on

December 17, 2007, some thirty-three (33) days after the Subpoena was allegedly served,

Respondents mailed a copy of the Subpoena to counsel for the defendants. *See* Ex. C (Subpoena

with Certificate of Service) at pg. 8. On December 20, 2007, defense counsel received the copy

of the Subpoena, together with the affidavit of service, by mail. Father Hartley promptly was

alerted about the Subpoena and retained the undersigned counsel. The next day, December 21,

2007, when undersigned counsel was provided a copy of the Subpoena, was the first time Father

Hartley (through counsel) had actual physical possession of the Subpoena. Father Hartley's

objections to the Subpoena were subsequently served fourteen days later, on January 4, 2008.

*See* Ex. D (Father Hartley's Objections) at pg. 5.

Thus, under the unusual circumstances present here, Father Hartley's failure to provide

objections to the Subpoena within fourteen days of its alleged service is attributable in large part

to the conduct of Respondents. Had Respondents complied with the Rules and provided either

advance notice of the Subpoena or a timely service copy after it allegedly was served, defense

counsel promptly would have notified Father Hartley, who is neither a United States citizen nor

familiar with the U.S. legal system. Respondents have offered no explanation for why they

provided no advance notice of the Subpoena, as required by the Rules, or waited more than a

month after it was allegedly served to mail a copy to defense counsel. It was these failures

which led to the delay in Father Hartley, through counsel, receiving a copy of the Subpoena. As

such, even were Respondents' argument about the timeliness of Father Hartley's objections

properly before the Court, there would be no basis for finding Father Hartley's objections

waived.

## C.    **Father Hartley Has Produced All Non-Privileged, Responsive Documents.**

The Respondents also seek a Court order requiring Father Hartley to complete his

document production by May 30, 2008. Respondents make this request despite the fact that

Father Hartley has advised Respondents that he already has produced all documents responsive

to the Subpoena he has been able to locate. Specifically, in a letter dated May 2, 2008, the same

day as the Court's Order and four days before Respondents' Motion, Father Hartley's counsel

informed Respondents' counsel that "Father Hartley has produced all non-privileged, responsive

documents identified to date."[1] *See* Ex. E (May 2, 2008 letter) at pg. 2 (attached as Exhibit B to

Respondents' Motion). Simply put, even were Respondents' request for a production deadline

properly before the Court, it is nonetheless moot as Father Hartley's document production is

complete.

---

[1] Between March 10, 2008 and May 2, 2008, Father Hartley made ten separate document productions to
Respondents, including more than 3,800 pages of documents as well as more than eighty (80) videotapes.

## **CONCLUSION**

For the foregoing reasons, Court should deny Respondents' Motion for Clarification.

Respectfully submitted,

Dated: May 19, 2008

By: _/s/_____

Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone:  (202) 662-2000
Facsimile:   (202) 662-2190

Attorneys for Non-Party Father Christopher
Hartley

-6-

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing Opposition to

Respondents' Motion for Clarification, along with attached exhibits and proposed order, was

served on the following counsel of record on May 19, 2008 via the Court's electronic filing

system and first-class mail:

Read K. McCaffrey                           Elizabeth C. Koch
Stephen Diaz Gavin                          LEVINE SULLIVAN KOCH & SCHULZ, LLP
Benjamin G. Chew                            1050 17th Street N.W.
PATTON BOGGS LLP                            Suite 800
2550 M Street, N.W.                         Washington, D.C. 20036
Washington, D.C. 20037

*Attorneys for Respondents/Plaintiffs*      *Attorneys for Defendants*



                              By:_____/s/_____

                                      Sean M. Hanifin (D.C. Bar No. 358347)
                                      ROSS, DIXON & BELL, LLP
                                      2001 K Street, N.W.
                                      Washington, D.C. 20006-1040
                                      Telephone:    (202) 662-2000
                                      Facsimile:    (202) 662-2190
                                      Attorneys for Non-Party Father Christopher Hartley

368209 v 1

# EXHIBIT  A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

FILED

MAY 2 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| IN RE FATHER CHRISTOPHER HARTLEY, | ) ) ) |
| Petitioner, | ) ) Misc. Case No. 08-010 (RJL) |
| v. | ) ) |
| FELIPE VICINI LLUBERES, *et al.*, | ) ) |
| Respondents. | ) ) ) |

<u>ORDER</u>

Before the Court is Father Christopher Hartley's motion to quash a subpoena *duces*

*tecum.* Upon consideration of the parties' pleadings, oral argument, the relevant law, and

the entire record herein, it is this 2 day of May, 2008 hereby

**ORDERED** that the Motion to Quash Non-Party Subpoena [Dkt. #1] is

GRANTED in part and DENIED in part; it is further

**ORDERED** that Father Hartley's motion to quash is GRANTED with respect to

Father Hartley's future appearance at a deposition; it is further

**ORDERED** that Father Hartley's motion to quash is DENIED with respect to

Father Hartley's obligation to produce the documents subpoenaed.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

(N)

# EXHIBIT  B

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Felipe Vicini Lluberes, et al.

vs.

Uncommon Productions, LLC, et al.

No. 07-11623 (DPW)

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, SCOTT KUCIK, having been duly authorized to make service of the Deposition Subpoena Duces Tecum and Attachment A in the above entitled case, hereby depose and say:

That my date of birth / age is 04-15-1966.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 5:02 pm on November 14, 2007, I served Fr. Christopher Hartley at 1st & Independence Avenue, Capital Hill, Washington, DC by serving Fr. Christopher Hartley, personally. Described herein:

| | |
|---|---|
| SEX- | MALE |
| AGE- | 58 |
| HEIGHT- | 6'0" |
| HAIR- | MIXED GRAY |
| WEIGHT- | 210 |
| RACE- | WHITE |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on _11-15-07_
                    Date

SCOTT KUCIK
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 197526

# EXHIBIT  C

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

FELIPE VICINI LLUBERES, et al.

V.

UNCOMMON PRODUCTIONS, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   07-11623 (DPW) D. Mass.

TO:   Fr. Christopher Hartley

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Patton Boggs, LLP, 2550 M Street, N.W., Washington, DC  20037 | DATE AND TIME  8GC<br>1/15/2008 10:00 am<br>31 |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE       Patton Boggs, LLP, 2550 M Street, N.W., Washington, DC  20037 | DATE AND TIME<br>1/4/2008 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 11/14/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin G. Chew, Esq., Patton Boggs, LLP, 2550 M Street, N.W., Washington, DC  20037  (202) 457-6000
Attorneys for Plaintiffs

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit  C**
**Page 1**

ATTACHMENT A

## INSTRUCTIONS AND DEFINITIONS

1.     If You assert either privilege or immunity as a ground for not responding fully to any document request below, please describe the bases for such assertion and the nature of the information not disclosed with sufficient particularity to permit Plaintiffs to assess the validity of Your privilege claim, and provide such information as is required by Federal Rule of Civil Procedure 26(b)(5) and the Local Civil Rules of the United States District Court for the District of Columbia.

2.     If You object to or refuse to respond fully to any part of any document request below on grounds other than privilege or immunity, please describe the grounds separately, fully and with sufficient particularity to permit Plaintiffs to assess the validity of Your objection.

3.     The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine, or neuter shall include each of the other genders as necessary to make this request inclusive rather than exclusive. The words "and" and/or "or" shall be construed conjunctively or disjunctively as necessary to make this request inclusive rather than exclusive. Use of the past tense includes the present tense, and use of the present tense includes the past tense. Each document request below shall be construed so as to furnish the most complete and inclusive answer.

4.     If You believe that any word or phrase in a document request below is ambiguous, or if You do not understand any word or phrase below, identify the ambiguity or source of confusion and explain the definition or understanding that You relied upon in responding.

5.     In producing documents, You shall furnish all documents in Your possession, custody, or control, regardless of whether such documents and things are possessed by You or Your predecessors, successors, subsidiaries, partners, directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by its attorneys of its agents, employees,

4921164

Exhibit  C
Page 2

representatives or investigators. Without limitation of the term "control," a document is deemed to be in Your control if You have the right to secure the documents or a copy thereof from another person or public or private entity having actual possession thereof. If any document requested herein is not in Your possession, custody or control, then You are required to produce the best available copy, and to state, to the best of Your knowledge, the name and address of the person in possession and/or control of the original thereof. The fact that a document is in possession of another party does not relieve You of the obligation to produce its copy of the document, even if the two documents are identical.

6.    All documents shall be either produced as they are kept in the usual course of business or organized and labeled to correspond with the numbered categories of this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the documents in addition to the document itself.

7.    Documents shall be produced in such a fashion as to identify the department or office in whose possession such documents and things were located, and, where applicable, the natural person in whose possession they were found and the address of the custodian(s) of each document and thing.

8.    Any document withheld from production on the grounds of any privilege, doctrine, or immunity shall be identified by You, including identification of:

A.    The reason for assertion of privilege, work product or other grounds for non-disclosure;

B.    A statement of the basis for the claim of privilege, work product or other grounds for non-disclosure;

C.    A description of any document responsive to the request, including in said

4921164

Exhibit C
Page 3

description the name and job title of the author, the name and job title of any person or persons who have received a copy of and/or reviewed the document, the date of the document, its subject matter and the identity, job title and current address of its current custodian;

      D.    The name, business address, and present position of the document's author(s);

      E.    The position of the author(s) at the time the document(s) was/were prepared;

      F.    The name, business address, and present position of the document's addressee and all other recipients of the document(s);

      G.    The position of the document's addressee and all other recipients at the time the document(s) was/were prepared and at the time it was received; and

      H.    The facts and law upon which You will rely in support of that contention in response to a motion to compel.

      9.    Each request for a document shall be construed to include all preliminary or draft versions of that document. In the event that a copy of any document sought by this request is not identical to any other copy thereof by reason of marginal notations or otherwise, each such non-identical copy is deemed to be a separate document and is to be produced hereunder.

      10.    If any document within the scope of this request is not produced either because it has been destroyed or because it is no longer in Your custody or control, identify (a) the number of the request for production to which it would have been responsive, (b) its author, (c) all addressees and intended and unintended recipients, including recipients of blind copies, (d) its date, (e) its subject matter, (f) its current location, (g) the person or entity that has possession, custody, or control, (h) the reason that it was not produced, (i) the date and circumstances of its loss, destruction, or release from custody, and (j) the person authorizing the loss, destruction, or release

4921164

Exhibit C
Page 4

from custody.

11.    Unless a different time period is set forth in a specific document request, the time period covered by these document requests is January 1, 2003 through the present.

12.    Unless context clearly indicates otherwise, the following words shall be deemed to have the following meanings:

A.    "Communication" means any oral statement or statement that is written or recorded in any manner that is conveyed by one person to another person, any statement made by one person in the presence of one or more other persons, and any document or information delivered, including delivery by any electronic or digital means, by or for one person to another person.

B.    "You," or "Your," means Father Christopher Hartley and your predecessors, successors, subsidiaries, partners, agents, officers, directors, employees, consultants, attorneys and representatives.

C.    "Document" is intended to have the broadest possible meaning and include, without limitation, all originals, non-identical copies, and copies with marginal notations or interlineations of any written or graphic matter, as well as computer files and computer data (including computer tapes, computer drives or memories, computer diskettes or disks, electronic mail ("email"), CD Roms, *etc*), however produced or reproduced, in Your possession, custody, access or control, including, but not limited to, recordings, film, video, photographs, blueprints, correspondence, telegrams, notes, sound recordings of any type, notes of telephone conversations or meetings, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, results of investigations, contracts, licenses, agreements, working papers, government records, ledgers, books of account, invoices, charts, slips, logs, computer data, diaries or papers similar to any of the foregoing, however denominated, and specifically includes any preliminary notes, outline or draft of any of the foregoing.  It also includes, but is not limited to, any electronically stored data on

4921164

Exhibit  C
Page 5

magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data).

D.     "Haney" means the Defendant William M. Haney, III, and all of his partners, agents, officers, directors, employees, consultants, attorneys and representatives.

E.     "Uncommon Productions" means the Defendant Uncommon Productions, LLC and its predecessors, successors, subsidiaries, partners, agents, officers, directors, employees, consultants, attorneys and representatives.

F.     "Person" or "individual" shall be deemed to include natural persons, partnerships, joint ventures, firms, associations, proprietorships, corporations, or other such entities and all subsidiaries, agents, employees, and representatives thereof.

G.     "Pertaining to," "relating to," "related to," "reflecting," "with respect to," "regarding," "referring to," "in reference to," and "concerning" shall be interpreted broadly, including both explicit and implicit references, and shall mean, without limitation, relating to, regarding, constituting, defining, discussing, containing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

H.     "Plaintiffs" means the Plaintiffs in this case, Felipe Vicini Lluberes and Juan Vicini Lluberes and their partners, agents, officers, directors, employees, consultants, attorneys and representatives.

Please Produce:

1.  All documents related to communications between You and Haney.

2.  All documents related to communications between You and Uncommon Productions.

4921164

Exhibit C
Page 6

3.  All documents related to communications between You and Louise Rosen.

4.  All documents related to communications between You and Mitropoulos Films.

5.  All documents related to communications between You and Plaintiffs.

6.  All documents related to communications between You and Campos de Moya.

7.  All documents related to communications between You and Ricardo Hernandez.

8.  All documents related to communications between You and Richard Perez.

9.  All documents related to communications between You and Amy Serrano.

10. All documents related to communications between You and Pierre (Pedro) Ruquoy.

11. All documents related to communications between You and Celine Anaya-Gautier.

12. All documents related to communications between You and Gerard Maximin.

13. All documents related to communications between You and Brian McKenna.

14. All documents related to communications between You and any person affiliated with Siren
    Studios.

15. All documents related to communications between You and any person affiliated with
    Canaille Productions.

16. All documents related to communications between You and Jhonny Belizaire.

17. All documents related to communications between You and Yela Machasa.

18. All documents related to communications between You and Noemi Mendez.

19. All documents related to communications between You and Monsigniour Francisco Osorio.

20. All documents related to the film entitled *The Price of Sugar*.

21. All documents related to the film entitled *The Sugar Babies*.

22. All documents related to the film entitled *Batey Zero*.

23. All documents related to the film entitled *Big Sugar*.

24. All documents regarding Your assignment out of the Dominican Republic.

4921164

Exhibit C
Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2007, a copy of the foregoing subpoena and affidavit of service was served by first class mail, postage prepaid, upon:

Elizabeth C. Koch, Esq.
Levine Sullivan Koch & Schultz, L.L.P.
1050 17th Street, N.W., Suite 800
Washington, DC 20036

*Attorneys for Defendants Uncommon Productions, LLC
and William M. Haney, III*

Nigel L. Wilkinson

4927229

Exhibit C
Page 8

# EXHIBIT  D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELIPE VICINI LLUBERES, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNCOMMON PRODUCTIONS, LLC, ET AL.,<br><br>Defendants. | Civil Action No. 07-11623 (D. Mass.) |



### NON-PARTY FATHER CHRISTOPHER HARTLEY'S OBJECTIONS TO PLAINTIFFS' DEPOSITION SUBPOENA *DUCES TECUM*

Non-party Father Christopher Hartley ("Father Hartley") by and through his attorneys, Ross, Dixon & Bell, LLP, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby states his Objections to Plaintiffs Felipe Vicini Lluberes' and Juan Vicini Lluberes' (collectively, "Plaintiffs") Deposition Subpoena *Duces Tecum* to him.

### OBJECTIONS

Father Hartley hereby objects to Plaintiffs' Deposition Subpoena *Duces Tecum* subject to the following objections, without waiving and expressly preserving all such objections:

1.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that the subpoena was not served on Father Hartley in accordance with Federal Rules of Civil Procedure.

2.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that notice of the subpoena was not properly and timely served upon all parties to this action as required by the Federal Rules of Civil Procedure.

3.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that Plaintiffs have failed to comply with Federal Rules of Civil Procedure 30(a)(2) and 30(b).

4.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that Plaintiffs have failed to comply with Federal Rule of Civil Procedure 45(b).

5.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* on the grounds that, as filed and served by Plaintiffs, the Subpoena *Duces Tecum* fails to include the required wording of Federal Rules of Civil Procedure 45(c) and (d).

6.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent that it was issued for improper purposes, or to harass, or with the intent to cause undue burden.

7.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information that is protected by the attorney-client privilege, attorney work product doctrine, the common interest doctrine or any other privilege, doctrine or rule.

8.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent that it seeks documents or would require the disclosure of information that is protected by the priest-penitent privilege or other religious or pastoral privileges.

9.     Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent its document requests are overbroad, vague and/or ambiguous, or seek documents that are unrelated to the matters at issue in the underlying action and are not reasonably calculated to lead to the discovery of admissible evidence.

10.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent that particular document requests, or any words or terms used therein, are vague, ambiguous, subject to different interpretations, require knowledge of persons or parties other than Father Hartley, or involve issues of law subject to resolution by the Court.

11.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information that is proprietary and/or confidential in nature, including but not limited to, documents or information concerning third-parties in the Dominican Republic potentially subject to labor and/or human rights abuses.

12.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information outside of the possession, custody or control of Father Hartley.

13. .    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent it seeks documents or would require disclosure of information as easily available to Plaintiffs as they are to Father Hartley.

14.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum*, including the Instructions and Definitions, to the extent it purports to impose discovery obligations beyond those established by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

15.    Father Hartley objects to Plaintiffs' Deposition Subpoena *Duces Tecum*, including the Instructions and Definitions, to the extent it purports to define words or phrases in a manner different than their ordinary use.

16.    Father Hartley reserves the right to supplement his objections to Plaintiffs' Deposition Subpoena *Duces Tecum* to the extent necessary and appropriate.

3

Respectfully submitted,

Dated: January 4, 2008

By: _____

Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

Attorneys for Non-Party Father Christopher
Hartley

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2008, a copy of the foregoing, Non-Party

Father Christopher Hartley's Objections to Plaintiffs Felipe Vicini Lluberes' and Juan Vicini

Lluberes' Deposition Subpoena *Duces Tecum*, was served via first class mail on the following

counsel of record:

Read K. McCaffrey
Stephen Diaz Gavin
Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037

*Attorneys for Plaintiffs*

Elizabeth C. Koch
LEVINE SULLIVAN KOCH & SCHULTZ, LLP
1050 17th Street N.W.
Suite 800
Washington, D.C. 20036

*Attorneys for Defendants*

_____
Sean M. Hanifin
Attorneys for Non-Party Father Christopher Hartley

362689 v 1

5

# EXHIBIT  E

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

SEAN M. HANIFIN
DIRECT DIAL· (202) 662-2026
EMAIL: SHANIFIN@RDBLAW.COM

JIMMY ROCK
DIRECT DIAL· (202) 662-2056
EMAIL  JROCK@RDBLAW.COM

May 2, 2008

**VIA E-MAIL AND FEDEX**

Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037

> Re:     *Hartley v. Lluberes, et al*, Civil No. 1:08-mc-00010 (D.D.C.)

Dear Ben:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the agreement of the parties in the above-referenced matter, enclosed you will find Father Hartley's tenth production of documents in response to Felipe Vicini Lluberes' and Juan Vicini Lluberes' Deposition Subpoena *Duces Tecum*, dated November 14, 2007 (hereafter, the "Subpoena."). This production is made subject to all of the terms, conditions and objections contained in (1) Father Hartley's January 4, 2008 Objections to the Subpoena, (2) the March 7, 2008 cover letter to Father Hartley's first production of documents and (3) all papers in support of Father Hartley's January 4, 2008 Motion to Quash the Subpoena. As with previous productions, we have designated portions of this production as subject to the terms of the governing Protective Order

Pursuant to Rule 45(1)(A), we have organized this production according to the categories contained in the Subpoena. Because of the breadth of those categories, many documents fit into more than one category. We have not identified every category into which a document might fit, but have instead placed documents in this production into the category which, in our judgment, they primarily belong. The following chart contains our organization of this production:

| Subpoena Category | Bates Range |
|---|---|
| 2 | CH003006; CH003871 – CH003894 |
| 24 | CH003007 – CH003013 |
| 16 | CH003014 – CH003021 |
| 10 | CH003022 – CH003034 |
| 20 | CH003035 – CH003071 |

WASHINGTON • ORANGE COUNTY • SAN DIEGO • CHICAGO

# ROSS, DIXON & BELL, LLP

Benjamin G. Chew
May 2, 2008
Page 2

| Subpoena Category | Bates Range |
|---|---|
| 5 | CH003072 – CH003392 |
| 18 | CH003393 – CH003593;<br>CH003808 – CH003870 |
| 19 | CH003594 – CH003807 |

     Consistent with all of the above objections, Father Hartley has produced all non-privileged, responsive documents identified to date. Father Hartley will supplement his document production as, and if, appropriate.

          Sincerely,

          ROSS, DIXON & BELL, LLP

          By _____
            Sean M. Hanifin
            Jimmy R. Rock

SMH/JR:cam

cc:    Elizabeth Koch, Esq. (w/ enclosure)
366116 v 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELIPE VICINI LLUBERES, ET AL., <br><br>           Plaintiffs, <br><br>    v. <br><br> UNCOMMON PRODUCTIONS, LLC, ET AL., <br><br>           Defendants. | Civil Action No. 1:08-mc-00010-RJL |

## ORDER

Upon consideration of Plaintiffs'/Respondents' Motion for Clarification and any and all Opposition thereto, it is this _____ day of _____, 2008,

**ORDERED** that the Motion is **DENIED**.


Date:_____


                                           _____

                                           U.S. District Court Judge

Copies to:

Read K. McCaffrey
Stephen Diaz Gavin
Benjamin G. Chew
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
*Attorneys for Respondents*


Elizabeth C. Koch
LEVINE SULLIVAN KOCH & SCHULTZ, LLP
1050 17th Street N.W.
Suite 800
Washington, D.C. 20036
*Attorneys for Defendants in Underlying Action*

Sean M. Hanifin (D.C. Bar No. 358347)
ROSS, DIXON & BELL LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040
*Attorneys for Movant Father Christopher Hartley*