# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **IN RE FATHER CHRISTOPHER HARTLEY,** | ) ) ) ) | |
| **Petitioner,** | ) ) | **Misc. Case No. 08-010 (RJL)** |
| **v.** | ) ) ) | |
| **FELIPE VICINI LLUBERES, *et al.*,** | ) ) | |
| **Respondents.** | ) ) | |

## <u>ORDER</u>

Before the Court is respondents Felipe Vicini Lluberes' and Juan Vicini Lluberes' ("Vicinis" or "respondents") motion for clarification of the Court's May 2, 2008 Order granting in part and denying in part Farther Christopher Hartley's ("Father Hartley") motion to quash a subpoena *duces tecum* ("Subpoena"). The issue before the Court is whether Father Hartley waived any objections or privileges to the Subpoena by failing to timely respond to the Subpoena or whether any waiver is excused due to unusual circumstances. For the following reasons, the Court concludes he did.

Federal Rule of Civil Procedure 45(c)(2)(B) requires a person served with a subpoena to raise any objections and state any claim of privilege no more than 14 days after being served with a subpoena. *See also Tuite v. Henry*, 98 F.3d 1411, 1413 (D.C. Cir. 1996). Failure to timely raise objections or state claims of privilege constitutes a waiver absent unusual circumstances. *See Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C.

1998). When service of process is challenged, the party claiming service was properly effected bears the burden of proof. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). A process server's affidavit averring that he effected service establishes a rebuttable presumption that service was effected, which cannot be overcome by merely disagreeing with the affidavit. *See Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 38 (D.D.C. 2006) (citing *FROF, Inc. v. Harris*, 695 F. Supp. 827, 829 (E.D. Pa. 1988)). Father Hartley has failed to rebut the presumption established by the process server's affidavit that Father Hartley was served with the Subpoena on November 14, 2007. His objections therefore were due on November 28, 2007. He did not lodge them, however, until January 4, 2008. Furthermore, the facts surrounding the service of the Subpoena and Father Hartley's response do not constitute unusual circumstances. Accordingly, it is this 21 day of July, 2008 hereby

**ORDERED** that the Motion to Clarification [Dkt. #17] is GRANTED; it is further

**ORDERED** that Father Hartley has waived any objections he has or may have had to the Subpoena; it is further

**ORDERED** that Father Hartley shall produce all documents responsive to the Subpoena within 20 days of this Order.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge